**AUSTIN et al., Appellants,**

v.

**PAYNE, Appellee.**

[Cite as *Austin v. Payne* (1995), 107 Ohio App.3d 818.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006120.

Decided Dec. 20, 1995.

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Sherry Newman Spenzer,* Assistant Prosecuting Attorney, for appellant Lorain County Department of Human Services.

*Terrence Butler,* for appellee.

REECE, Presiding Judge.

Appellant, Lorain County Department of Human Services, appeals the Lorain County Domestic Relations Court's grant of a motion for relief from judgment pursuant to Civ.R. 60(B) in favor of appellee, George Payne. We reverse and remand.

On October 25, 1982, the Lorain County Department of Human Services ("Human Services") filed a complaint for paternity against George Payne in the Lorain County Domestic Relations Court. Human Services alleged that Payne was the father of Cherice Austin, daughter of Vanessa Austin. Human Services served the complaint by certified mail. On January 26, 1983, Payne answered the complaint and denied his paternity. Having answered the complaint, Payne failed to attend a pretrial conference scheduled on February 5, 1985.

On February 6, 1985, based on Payne's failure to attend the pretrial, Human Services moved the trial court for a default judgment pursuant to R.C. 3111.08. The trial court scheduled a hearing on the motion and Payne was served notice of the hearing by ordinary mail. The ordinary mail service was returned to the court marked "addressee unknown." The trial court held the evidentiary hearing on the motion and found Payne to be the father of Cherice.

Several years passed during which time Human Services attempted to collect from Payne his unpaid child support obligations. Human Services eventually located Payne. Thereafter, on January 19, 1995, Payne moved the trial court for relief from the February 1985 judgment of paternity. In his motion, Payne argued that his filing of an answer to the complaint for paternity precluded the grant of a default judgment. Furthermore, he argued that Human Services perpetrated a fraud upon the court. Payne contends that the fraud stemmed from Human Services' representation in its motion for default judgment that such judgment was warranted based upon "[d]efendant's failure to answer or otherwise plead." Therefore, Payne requested relief from the judgment pursuant to Civ.R. 60(B)(5).

The trial court granted Payne's motion. To justify the grant of the motion, the trial court stated:

"The Court finds that Lorain County Human Services made no effort to serve the Motion for Default Judgment by certified mail but rather relied upon the post-card notices issued by the Court and the Proof of Service in its Motion. The Court further finds that this did not meet the mandatory requirements of O.R.C. 3111.08 coupled with Civ.R. 4.1."

Human Services timely appeals.

Human Services raises three assignments of error. It contends that (1) the trial court abused its discretion by not requiring Payne to meet the requirements of Civ.R. 60(B); (2) the trial court abused its discretion by not requiring Payne to produce evidence in support of his Civ.R. 60(B) motion; and (3) the trial court erred to its serious detriment by granting the relief from judgment. Because these assignments of error center on the question of whether the trial court properly granted the motion for relief from judgment, we address them together.

The threshold issue that this court needs to address is whether the trial court obtained personal jurisdiction over Payne. In his argument to this court, Payne contends that the trial court did not obtain jurisdiction over him because of the alleged defective service of process for the hearing on the motion for default judgment. According to Payne, "[i]t is clear that when the court lacks jurisdiction to proceed, and yet enters a default judgment, as in the present case, that same court may vacate the prior judgment without the need of meeting the requirements of Civil Rule 60(B)."

Despite Payne's assertion to the contrary, the trial court in this case obtained personal jurisdiction over him. A fundamental tenet of any civil action is the requirement that the trial court obtain personal jurisdiction over the defendant to the action. According to the Supreme Court of Ohio, a trial court gains personal jurisdiction over a defendant in one of three ways: (1) by service of process upon the defendant; (2) by the voluntary appearance and submission of the defendant or his or her legal representative; or (3) by certain acts of the defendant or his or her legal representative which involuntarily submit the defendant to the jurisdiction of the trial court. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156, 11 OBR 471, 472–473, 464 N.E.2d 538, 540–541. In the present case, elements one and two apply. First, Human Services properly served the complaint for paternity upon Payne through the use of certified mail. Second, Payne answered the complaint, thereby submitting himself to the jurisdiction of the trial court. Either of these two events conferred personal jurisdiction upon the trial court. Therefore, Payne cannot argue to this court that the trial court lacked personal jurisdiction over him.

Because the trial court did have personal jurisdiction, Payne cannot argue that he did not have to meet the requirements of Civ.R. 60(B). In fact, Civ.R. 60(B) constitutes the only method of relief available to Payne. Nevertheless, we determine the trial court erred by finding that Payne successfully met the elements necessary for relief from judgment pursuant to Civ.R. 60(B).

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. Failure to meet any of the three elements requires the trial court to deny the motion.

According to the version of R.C. 3111.08 in effect at the time of the paternity action, Human Services could move for a default judgment in the event that Payne failed to attend a pretrial hearing. The statute permitted a default judgment even when the defendant had appeared in the action. The thrust of the statute construed "default" to mean more than the failure to initially appear. The statute provided that a defendant who appeared in the action but failed to appear at a pretrial was subject to a default judgment upon motion. A hearing was held in this case, on the default motion, on the merits. A court could proceed to hear the case and force the plaintiff to prove the merits of the allegations when the defendant fails to attend the hearing. *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 122, 28 OBR 216, 219–220, 502 N.E.2d 599, 602–603. Thus, the grant of a "default" judgment was allowable when the trial court proceeded on the merits and required the plaintiff to meet the appropriate burden of proof.

■ In order to obtain the default judgment in this case, R.C. 3111.08 required Human Services to serve the motion upon the defendant "in the same manner as is provided for service of a complaint under the civil rules." Pursuant to Civ.R. 4.1, a complaint must be served either by certified mail, personal service or residence service.

The record in this case indicates that service of the motion for default judgment occurred through ordinary mail, in apparent violation of R.C. 3111.08's mandate of certified mail. Yet, this statutory violation does not justify the trial court's grant of the Civ.R. 60(B) motion. As this court has stated, the movant must meet all three elements under Civ.R. 60(B). In this case, Payne claimed that he should get relief based on Human Services' fraudulent representation to the court at the time of its motion for default. Payne argues that his claim for relief falls within the purview of Civ.R. 60(B)(5). This court does not agree.

■ Civ.R. 60(B)(3) provides for relief on the grounds of fraud and Civ.R. 60(B)(5) provides for relief for any other reason justifying relief. Courts have struggled with the concept of "fraud upon the court" in relation to which of these two provisions of Civ.R. 60(B) governs such fraud. As a general rule, fraud upon the court consists of only that "species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases * * *." *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 15, 5 OBR 73, 76, 448 N.E.2d 809, 811–812. Fraud between the parties, on the other hand, "without more, should not be fraud upon the court, but redress should be left to a motion under [Civ.R.] 60[ (B)(3) ] or to the independent action." *Id.* Thus, if the fraud is connected with the presentation of the case, Civ.R. 60(B)(3) provides the avenue of relief while fraud connected with the active deception of an attorney

falls under Civ.R. 60(B)(5)'s ambit. See, also, *Turoczy v. Turoczy* (1986), 30 Ohio App.3d 116, 30 OBR 216, 506 N.E.2d 942.

The actions of Human Services fall within Civ.R. 60(B)(3). No evidence exists that Human Services attempted to defraud the court in order to destroy the court's impartiality. Human Services' actions more logically fall within the purview of Civ.R. 60(B)(3) because those actions dealt with the presentation of the case, specifically, whether Payne asserted a defense. Furthermore, it is also possible to characterize Human Services' actions as one of mistake or inadvertence. Human Services may have simply erred by stating that Payne had not answered, inasmuch as under normal civil practice a default judgment usually occurs on such an occasion. This court cannot conclude that Civ.R. 60(B)(5) provided Payne an avenue of relief. A motion under the "catchall" language of Civ.R. 60(B)(5) cannot serve as a substitute for any of the more specific provisions of Civ.R. 60(B). *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph one of the syllabus; *In re Dissolution of Marriage of Watson* (1983), 13 Ohio App.3d 344, 346, 13 OBR 424, 425–426, 469 N.E.2d 876, 878. Therefore, Payne cannot attempt to use Civ.R. 60(B)(5) to achieve Civ.R. 60(B)(3) relief.

Because Civ.R. 60(B)(5) does not apply and Civ.R. 60(B)(3) does, Payne needed to comply with the time limit for filing the motion. Thus, Payne needed to move for relief within a reasonable time not exceeding one year. Payne clearly did not comply with the time limit because his motion occurred approximately nine years after judgment. Moreover, assuming that Civ.R. 60(B)(5) applied in this case, Payne still would have not filed his motion in a reasonable time. There is no doubt that Payne knew about the existence of the paternity action because he denied paternity in his answer. Yet Payne waited nine years to attempt to obtain relief. This court cannot conclude that the filing of the motion nine years after knowledge of the pendency of the action is "within a reasonable time." Payne contends that he thought the action was resolved based on his first attorney's representations. However, Payne does not indicate support for this contention in the record. Payne therefore did not comply with Civ.R. 60(B)'s time limit. Accordingly, the trial court improperly granted Payne's motion for relief from judgment.

All of appellant's assignments of error are sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this decision.

*Judgment accordingly.*

DICKINSON and SLABY, JJ., concur.