OPINION
{¶ 1} Keri and Graham Hill, the natural parents of four minor children, appeal a judgment of the Court of Common Pleas of Holmes County, Ohio, which granted legal custody of the oldest child to Sam and Judy Chakey, the maternal grandparents, and the three younger children to Anna Powell, the paternal grandmother. Appellants assigns two errors to the trial court:
 {¶ 2} "I. THE COURT ERRED CONCERNING PROCEDURE TIMELINES MANDATED BY OHIO REVISED CODE, SERVICE REQUIREMENTS MANDATED BY THE JUVENILE RULES HAVE NOT BEEN FOLLOWED SUCH AS JURISDICTIONAL ERRORS EXISTS, APPOINTMENT OF COUNSEL, DUE PROCESS CONSTITUTES ERROR AND AS SUCH THE PENDING CASE IN HOLMES COUNTY SHOULD BE DISMISSED. (SIC)
 {¶ 3} "II. THE COURT ERRED AS A MATTER OF LAW AND FACT IT FOUND AND ORDERED THAT AN EXPARTE ORDER SHOULD HAVE BEEN ISSUED THAT THE CHILDREN WERE ADJUDICATED DEPENDENT AND NEGLECTED AND THAT THE DISPOSITION OF AWARDING LEGAL CUSTODY OF THE CHILDREN TO GRANDPARENTS WAS APPROPRIATE." (SIC)
 {¶ 4} The record indicates appellants have five children who, at the time of the final hearing, ranged in age from 12 to 6 years of age. The youngest child has resided with the Chakey family most of her life, and has not been involved in this proceeding.
 {¶ 5} The trial court entered an ex parte order granting temporary custody to Holmes County Department of Job and Family Services on July 7, 2005. On July 8, 2005, the court conducted a hearing. The mother, appellant Keri Hill, appeared and *Page 3 
informed the court she had been served with a copy of the complaint. The court advised her of her right to counsel, and she requested counsel be appointed for her. The court ordered continued temporary custody of all four children with JFS.
 {¶ 6} On July 15, 2005, Anna Powell filed a motion to intervene in the action.
 {¶ 7} On July 18, 2005, the court named Anna Powell and Sam and Judy Chakey parties to the action. The court granted temporary custody of the oldest child to Anna Powell and the three younger children to the Chakey family. Subsequently, the Chakeys filed an affidavit of indigency and the court appointed counsel for them.
 {¶ 8} On September 12, 2005, the court called the matter for trial. The mother, appellant, Keri Hill, moved the court to continue the matter until the court could appoint counsel to represent her. The court overruled the motion, finding appellant had notice of the trial for several weeks before hand and had not completed the paperwork to follow up her request for counsel she originally made on July 8. The court found the children to be neglected and dependent as to their mother.
 {¶ 9} On December 5, 2005, the matter came before the court again. JFS presented evidence regarding how well the children are progressing in their relative placements. The court found the father, appellant Graham Hill, had been properly served by publication. The court continued temporary custody of the children with their respective grandparents, and approved reunification case plans for both mother and father.
 {¶ 10} On March 10, 2006, JFS filed a motion to terminate the protective services order and to withdraw from the case, stating the children were doing well in their placements and the need for JFS involvement had ended. On April 27, 2006, the court *Page 4 
conducted another hearing, and received an update on the children. JFS presented evidence regarding the parents' lack of progress on their reunification plans, and the court took JFS' motion to terminate its involvement under advisement. After receiving the guardian ad litem's final report, and interviewing the oldest child in camera, the court granted the motion to terminate the protective supervision order, and granted legal custody of the children to the grandparents with whom they had been placed.
 {¶ 11} In the recent case In re: C.R., 108 Ohio St.3d 369,843 N.E.2d 1188, 2006-Ohio-1191, the Ohio Supreme Court discussed the differences between legal custody and permanent custody. `R.C. 2151.011(B)(30) defines "permanent custody" as "a legal status that vests in a public children services agency or a private child placing agency, all parental rights, duties, and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations.' * * * R.C. 2151.011(B)(19) defines "legal custody" as `a legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities.' * * * The important distinction is that an award of legal custody of a child does not divest parents of their residual parental rights, privileges, and responsibilities." In re C.R., at paragraphs 14-17.
 I. {¶ 12} In their first assignment of error, appellant argues the court failed to follow procedural time lines as set forth in the Revised Code and service requirements as set *Page 5 
forth in the Juvenile Rules. Appellants argue the court denied appellant mother Keri Hill's right to counsel, and committed other due process errors.
 {¶ 13} In the case of In Re: Murray, (1990), 52 Ohio St. 3d 155,556 N.E. 2d 1169, the Supreme Court held a juvenile court's adjudication that a child is neglected or dependent, followed by a dispositional order awarding temporary custody to a public children's services agency, is a final appealable order. Appellants did not appeal the court's order in a timely manner, and we find we have no jurisdiction to review the adjudicatory phase of the proceeding.
 {¶ 14} Regarding appellant's claim the court denied appellant Keri Hill's right to counsel, the record does not demonstrate appellant filed an affidavit of indigency or in any way pursued her request for appointed counsel.
 {¶ 15} Regarding appellants' challenges to service by publication on the appellant father, Juvenile Rule 16 permits service by publication of any person whose residence is unknown. The record indicates publication was accomplished according to Rule in Holmes County. Appellant suggests because appellant Graham Hill's last address was in Knox County, the publication should have been made in Knox County. However, the Rule provides publications shall be made in the newspaper of general circulation in the county in which the complaint is filed.
 {¶ 16} A court acquires personal jurisdiction over a party in one of three ways: (1 ) proper and effective service of process, (2) voluntary appearance by the party, or (3) limited acts by the party or his counsel that involuntarily submit him to the court's jurisdiction. Austin v.Payne (1995), 107 Ohio App.3d 818, 821, 669 N.E.2d 543. A trial court lacks jurisdiction to render a judgment against a defendant if effective service of *Page 6 
process has not been made on the defendant and the defendant has not appeared in the case or waived service. Bowling v. Grange Mut. Cas.Co., Franklin App. No. 05AP-51, 2005-Ohio-5924. Any judgment rendered in an action in which there has not been proper service is void ab initio.Clark v. Marc Glassman, Inc., Cuyahoga App. No. 82578, 2003-Ohio-4660, at ¶ 17.
 {¶ 17} On December 16, 2005 the court entered a judgment finding Graham Hill had been properly served by publication. On December 29, 2005, counsel entered an appearance on behalf of both parents and did not contest the court's jurisdiction. We find appellant Graham Hill waived any claims of insufficiency of process, see, e.g. In ReCrews (July 30, 1999), Montgomery App. No. 17670
 {¶ 18} The first assignment of error is overruled.
 II. {¶ 19} In their second assignment of error, appellants argue the court should not have awarded legal custody of the children to the grandparents. We do not agree.
 {¶ 20} Appellants argue the court erred in entering the original ex parte order. Any error in an ex parte order is cured by a subsequent proper adjudication and disposition, Curry v. Curry (April 24, 1987), Clark App. No. CA 2260.
 {¶ 21} Throughout the pendency of the proceeding, the court repeatedly received evidence regarding the good progress the children were making in their grandparents' homes. On July 21, 2005, the court found the best interest of the children would be served by a grant of temporary custody to the grandparents, and the record indicates thereafter, the children continued to thrive. By contrast, the court found appellants had made little progress on their reunification plans, and their actions were not consistent *Page 7 
with their stated desire to regain custody of their children. The court noted the parents demonstrated a lack of commitment towards them.
 {¶ 22} In Taylor v. Taylor (May 3, 1995), Richland App. No. 94 CA 67, this court found the focus of any decision regarding child custody must be the best interest of the child and, where an award of custody is supported by a substantial amount of credible and competent evidence, it will not be reversed as being against the manifest weight of the evidence. Taylor at 2, citations deleted.
 {¶ 23} We have reviewed the record, and we find the trial court did not abuse its discretion in finding the best interest of the children lay in permitting them to remain in the homes of their respective grandparents.
 {¶ 24} The second assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Holmes County, Ohio, is affirmed. By Gwin, P.J., Hoffman, J., and Edwards, J., concur
 HON. W. SCOTT GWIN, HON. WILLIAM B. HOFFMAN, HON. JULIE A. EDWARDS *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Holmes County, Ohio, is affirmed. Costs to appellants.
 HON. W. SCOTT GWIN, HON. WILLIAM B. HOFFMAN, HON. JULIE A. EDWARDS. *Page 1