[Cite as *King v. Water's Edge Condominium Unit Owners' Assn.*, 2021-Ohio-1717.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

PATRICIA KING,                               :

    Plaintiff-Appellee,             :

                           No. 109895

v.                                           :

WATER'S EDGE CONDOMINIUM                      :
UNIT OWNERS' ASSOC., ET AL.,

    Defendants-Appellants.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  May 20, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-890996

---

### *Appearances:*

Wendy S. Rosett, *for appellee.*

Cavitch, Familo & Durkin Co., L.P.A., Gregory E. O'Brien
and Spencer E. Krebs, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1}   Defendant-appellant, Geotech Services, Inc., appeals from the trial court's judgment denying its motion to vacate a default judgment.  For the reasons that follow, we reverse and remand.

## I. Background

{¶ 2} On December 27, 2017, plaintiff-appellee, Patricia King, filed a nine-count complaint against Geotech and 11 other defendants. The suit arose out of alleged defects in King's condominium and repairs made thereto.

{¶ 3} On January 3, 2017, the clerk issued a summons and complaint to Geotech, c/o attorney Dennis Kaselak, 1350 Euclid Avenue, Suite 1500, Cleveland, OH 44115, as Geotech's statutory agent. On January 5, 2017, the clerk noted on the docket that, as evidenced by receipt No. 34173572, service had been completed on January 4, 2017. A "D. Campbell" had signed the certified mail-return receipt.

{¶ 4} On January 10, 2018, the clerk docketed a "Communication Letter." The "letter" was a copy of the summons addressed to Geotech's statutory agent Kaselak at the Euclid Avenue address. An unsigned handwritten note on the summons stated:

> This company [i.e. Geotech] or person [i.e. Kaselak] do not work at this address. Our company name is GCA Services Group, Inc. an AMB Company 1350 Euclid Avenue, Suite 1500, Cleveland, OH 44115

{¶ 5} On March 26, 2018, the clerk sent a copy of a judgment entry by regular mail to Geotech at the Euclid Avenue address. There is no indication on the docket that the mail was returned as undeliverable.

{¶ 6} On June 4, 2018, the clerk sent another judgment entry by regular mail to Geotech at the Euclid Avenue address. The mail was returned on June 11, 2018, to the clerk. The docket entry states:

Regular mail service receipt No. 35530677 returned 06/11/2018 Failure of service on defendant Geotech Services Inc. Unable to deliver notice mailed to pltfs attorney.

{¶ 7} Thereafter, the case continued with respect to the other defendants; King settled with some and dismissed others without prejudice. On March 28, 2019, King filed a motion for default judgment against Geotech as the only remaining defendant in the litigation.

{¶ 8} The trial court set a default hearing for April 18, 2019, and ordered that at the hearing, King was to provide an affidavit of damages, a proposed judgment entry, and a copy of correspondence sent by King to Geotech via certified mail notifying Geotech of the date and time of the hearing.

{¶ 9} On April 18, 2019, the trial court granted King's motion for default judgment against Geotech in the amount of $66,557.92, plus court costs and statutory interest. The trial court's entry noted that King had provided the court with an affidavit of damages with supporting documentation and a copy of service of the notice of the hearing. King subsequently filed, as ordered by the court, a copy of her receipt showing that notice of the hearing had been served by certified mail on Geotech, c/o Dennis Kaselak as statutory agent, at the Euclid Avenue address.

{¶ 10} On January 27, 2020, counsel for King filed an affidavit in aid of execution of the default judgment against Geotech. Notably, counsel listed two addresses for Geotech in her affidavit: the Euclid Avenue address and 350 Golden Oak Parkway, Cleveland, OH 44146, Geotech's principal place of business since 2003. Upon obtaining an order in aid of execution, counsel filed instructions for

service of the order, requesting that the sheriff serve Geotech at both addresses. The docket reflects that on February 4, 2020, the sheriff's attempted service on Geotech at the Euclid Avenue address was unsuccessful. On February 6, 2020, the sheriff successfully served Geotech at its place of business on Golden Oak Parkway.

{¶ 11} Two weeks later, on February 21, 2020, counsel for Geotech filed a notice of appearance, a motion to vacate the default judgment, a motion to stay, and a motion for leave to file an answer to the complaint. In its motion to vacate, Geotech argued that it had no knowledge of the litigation until February 6, 2020, when it received the affidavit and order in aid of execution of the default judgment at its principal place of business. It acknowledged that Kaselak became Geotech's statutory agent in November 2000, but asserted that Kaselak moved his office from 1350 Euclid Avenue, died in October 2019, and never forwarded any correspondence to Geotech regarding the litigation. Geotech argued further that it had meritorious defenses to King's complaint, its motion was timely, and it was therefore entitled to relief from judgment under Civ.R. 60(B)(1) and (5).[1]

{¶ 12} The affidavit of Steven V. Tartabini, vice-president of Geotech, was attached to the motion to vacate. In his affidavit, Tartabini averred that Geotech's principal place of business since 2003 was at 350 Golden Oak Parkway in Cleveland, Ohio. Tartabini further averred that Geotech was never served with the summons and complaint at its principal place of business, and had no knowledge of the

---

[1] Civ.R. 60(B)(1) provides for relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect;" Civ.R. 60(B)(5) allows relief from judgment for "any other reason justifying relief from the judgment."

litigation until it was served on February 6, 2020, at the Golden Oak Parkway address with the affidavit and order in aid of execution. Tartabini averred that if Geotech had been properly served with the summons and complaint, it would have answered the complaint, as well as submitted the claim to its insurance company. Tartabini further averred that attorney Kaselak was Geotech's statutory agent from November 2000, but that he had moved his office to 401 South St. in Chardon, and never forwarded any correspondence regarding this matter. With respect to the merits of the case, Tartabini averred that Geotech never had a contract with King and had offered no warranties to her, and that it had been hired and paid by codefendant Neighborhood Housing Services of Greater Cleveland, Inc. Tartabini's affidavit was unsworn, and Geotech subsequently filed his sworn affidavit.

{¶ 13} Geotech also filed an amended motion to vacate, asserting that the default judgment should be vacated pursuant to Civ.R. 60(B)(1) and (5) because service had never been perfected, and the trial court therefore lacked jurisdiction to enter a judgment against Geotech. Geotech argued that in addition to Tartabini's averments that Geotech had not been notified of the litigation at its principal place of business until February 6, 2020, the "Communication Letter" filed on January 10, 2018, and the docket entry of June 11, 2018, which noted that regular mail to Geotech at the Euclid address had been returned for "failure of service" and "unable to deliver," supported its claim that service was never perfected.

{¶ 14} King filed a brief in opposition to Geotech's amended motion to vacate, after which the trial court held a hearing. Both parties submitted post-

hearing briefs. In its brief, Geotech again asserted that the trial court was without jurisdiction to enter a default judgment because service had never been perfected.

{¶ 15} Geotech attached another sworn affidavit by Tartabini to its post-hearing brief. In addition to his prior averments, Tartabini averred that Geotech had no affiliation with GCA Services Group, Inc., the business located at the Euclid Avenue address. Geotech also attached to its brief the sworn affidavit of attorney Casey P. O'Brien, a partner with the law firm of Ibold & O'Brien. O'Brien averred that Kaselak became affiliated with the firm in July 2008, and that the firm's main office is located at 401 South Street, Chardon, Ohio, a satellite office is located in Orwell, Ohio, and the firm has never been located at the Euclid Avenue address. He also averred that the firm had no affiliation with GCA Services Group, Inc. or AMB Company.

{¶ 16} The trial court subsequently denied Geotech's motion to vacate, ruling:

> The court held a hearing on this motion to vacate and had the parties provide additional briefing on this matter. The court reviewed the case law cited by both parties. It is clear the plaintiff served the named statutory agent at the address on file with the secretary of state. Service was perfected on the docket. A correspondence was later docketed indicating service may not be perfected, but nothing additional was provided to document or authenticate that correspondence. At the hearing, the defendant did not dispute the fact that the defendant failed to update the address on record for the business with the Ohio Secretary of State. As such, the court finds the plaintiff's argument and case law to be well-taken.

This appeal followed.

## II. Law and Analysis

{¶ 17} In its single assignment of error, Geotech asserts that the trial court erred in denying its motion to vacate the default judgment. Geotech argues that the trial court should have granted relief under Civ.R. 60(B)(1) and (5) because service was never perfected, and the trial court therefore never acquired jurisdiction over Geotech. King, on the other hand, contends that the trial court properly denied Geotech's motion to vacate because Geotech failed to meet the requirements of Civ.R. 60(B).

{¶ 18} A default judgment may be rendered against a defendant who has failed to answer or otherwise defend against allegations raised in a complaint. *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Oho St.3d 118, 121, 502 N.E.2d 599 (1986); Civ.R. 55(A). When a defendant fails to answer, default judgment is warranted because liability has been admitted "by the omission of statements in a pleading refuting the plaintiff's claims." *Girard v. Leatherworks Partnership*, 11th Dist. Trumbull No. 2004-T-0010, 2005-Ohio-4779, ¶ 38.

{¶ 19} However, a judgment rendered without personal jurisdiction over a defendant is void. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus. A court acquires jurisdiction over a party in one of three ways: (1) proper and effective service of process; (2) voluntary appearance by the party; or (3) limited acts by the party or his counsel that involuntarily submit the party to the court's jurisdiction. *Austin v. Payne*, 107 Ohio App.3d 818, 821, 669 N.E.2d 543 (9th Dist.1995), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464

N.E.2d 538 (1984). Therefore, "where the plaintiff has not perfected service on a defendant and the defendant has not appeared in the case or otherwise waived service, the court lacks jurisdiction to render a default judgment against the defendant." *Professional Bank Servs. v. Abboud,* 8th Dist. Cuyahoga No. 102078, 2015-Ohio-1651, ¶ 12, citing *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62, 665 N.E.2d 260 (10th Dist.1995).

{¶ 20} "The authority to vacate a void judgment is not derived from Civ.R. 60(B) but, rather, constitutes an inherent power possessed by Ohio courts." *Patton* at paragraph four of the syllabus. Thus, the Civ.R. 60(B) requirements are not applicable when a party asserts the trial court lacked personal jurisdiction because of improper service of process. *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, ¶ 15, citing *Patton* at *id.* and *Khatib v. Peters*, 2017-Ohio-95, 77 N.E.3d 461, ¶ 30 (8th Dist.). Instead, the party only needs to establish lack of proper service. *Id.*

{¶ 21} In light of the foregoing, it is apparent that we need not consider the parties' various arguments regarding how Geotech did or did not meet the requirements of Civ.R. 60(B). The issue to be decided is whether effective service of process was made.

{¶ 22} Civ.R. 4(A) provides that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption." To be effective, service of process must comport with the requirements of due process. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d

403, 406 N.E.2d 811 (1980), syllabus. "Service of process is consistent with due process standards where it is reasonably calculated, under the circumstances, to give interested parties notice of a pending action and an opportunity to appear." *Lauver v. Ohio Valley Selective Harvesting, L.L.C.*, 12th Dist. Clermont No. CA2016-11-076, 2017-Ohio-5777, ¶ 17, quoting *Motorists Mut. Ins. Co. v. Roberts*, 12th Dist. Warren No. CA2013-09-089, 2014-Ohio-1893, ¶ 32. *See also Chilcote v. Kugelman*, 8th Dist. Cuyahoga No. 98873, 2013-Ohio-1896, ¶ 6, citing *Akron-Canton Regional Airport Auth.* at 406.

{¶ 23} Civ.R. 4.1(A) outlines the methods for obtaining service of process within the state of Ohio, and provides for service by certified mail, personal service, or residential service. Regarding certified mail, "a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee. * * * Valid service of process is presumed when any person at the defendant's address received the certified mail envelope, whether or not the recipient is the defendant's agent." *TCC Mgt. v. Clapp*, 10th Dist. Franklin No. 05AP-42, 2005-Ohio-4357, ¶ 11.

{¶ 24} With respect to corporations, R.C. 1701.07 provides that every corporation "shall have and maintain an agent, sometimes referred to as the 'statutory agent,' upon whom any process, notice, or demand required or permitted by statute to be served upon a corporation may be served." R.C. 1701.07(H) provides that "any process, notice, or demand required or permitted by statute to be served upon a corporation may be served upon the corporation by delivering a copy of it to

its agent, if a natural person, or by delivering a copy of it at the address of its agent in this state."

{¶ 25} The plaintiff bears the burden of obtaining proper service on a defendant. *Capital One Bank (USA) N.A. v. Smith*, 8th Dist. Cuyahoga No. 108669, 2020-Ohio-1614, ¶ 14, citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). Where a plaintiff follows the rules of civil procedure regarding service of process, a rebuttable presumption of proper service arises. *Id.*, citing *Lakhodar v. Madani*, 8th Dist. Cuyahoga No. 91564, 2008-Ohio-6502, ¶ 13. This presumption can be rebutted, however, where a defendant presents sufficient evidentiary-quality information demonstrating that service was not accomplished. *Id. See also Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, 975 N.E.2d 941 ¶ 18, fn. 2 (recognizing that "the presumption of valid service is rebuttable").

{¶ 26} "A failure of service may * * * occur where 'the defendant does not receive the summons and complaint, even though the plaintiff complied with the civil rules and service was made at an address where the plaintiff could reasonably anticipate that the defendant would receive it.'" *Chuang Dev. L.L.C. v. Raina*, 10th Dist. Franklin Nos. 15AP-1062 and 16AP-500, 2017-Ohio-3000, ¶ 32, quoting *Erin Capital Mgmt. v. Fournier*, 10th Dist. Franklin No. 11AP-483, 2012-Ohio-939, ¶ 19. *See also Rafalski v. Oates,* 17 Ohio App.3d 65, 67, 477 N.E.2d 1212 (8th Dist.1994) (because the defendant never received the summons and complaint, she was entitled to have the judgment against her vacated even where the plaintiff complied with the

civil rules and service was made at an address where the plaintiff could reasonably have anticipated that the defendant would receive it).

{¶ 27} Here, the clerk of courts sent the summons and complaint via certified mail to the address of Geotech's statutory agent as listed with the secretary of state. A "D. Campbell" signed the return receipt for the certified mail on January 4, 2017, it was returned to the clerk of courts on January 5, 2017, and notice of effective service was docketed. Because King followed Civ.R. 4.1., a rebuttable presumption of proper service on Geotech arose.

{¶ 28} Geotech rebutted that presumption, however, with competent, credible evidence demonstrating that it was never served. In its amended motion to vacate, Geotech referred the court to the "Communication Letter," which was docketed on January 10, 2018, only five days after the clerk's entry that service on Geotech was completed on January 4, 2018. It also referred the court to the mail sent by the clerk to Geotech on June 4, 2018, that was returned as undeliverable on June 11, 2018. Both the Communication Letter and the returned mail are competent evidence that Geotech's statutory agent was not located at the Euclid Avenue address at any point during this litigation.

{¶ 29} Likewise, Tartabini's sworn affidavit, which was attached to Geotech's amended motion to vacate, provided competent, credible evidence that Geotech had no knowledge whatsoever of the litigation until it was served at its principal place of business on Golden Oak Parkway in Cleveland on February 6, 2020. Tartabini's affidavit also contained evidence regarding *why* the service on Geotech's statutory

agent at the Euclid Avenue address was not successful, even though Kaselak was listed at that address as Geotech's statutory agent. Specifically, Tartabini provided evidence that Kaselak had moved his office from the Euclid Avenue address in 2008, many years before this litigation commenced. The affidavit of attorney Casey O'Brien, also attached to Geotech's amended motion to vacate, provided more evidence as to why Geotech was never served at the Euclid Avenue address. O'Brien averred that from July 2008, until his death in October 2019, Kaselak was affiliated with the law firm of Ibold & O'Brien, whose offices were located in Chardon and Orville, Ohio, and never at the Euclid Avenue address.

{¶ 30} When the movant's motion to vacate contains allegations of operative facts that would warrant relief, the trial court should at least grant a hearing on the motion. *GGNSC Lima, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, at ¶ 16, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974).

{¶ 31} The trial court properly held a hearing, but concluded that Geotech's motion should be denied because it did not produce evidence substantiating the Communication Letter. The trial court also concluded that although King had apparently served Geotech at an incorrect address for its statutory agent, service was valid because Geotech had not updated the address for its statutory agent with the secretary of state after Kaselak moved in 2008, as required by R.C. 1701.07(E).[2]

---

[2] R.C. 1701.07(E) states that "If the agent changes the agent's address from that appearing upon the record in the office of the secretary of state, the corporation or the agent shall forthwith file with the secretary of state, on a form prescribed by the secretary

{¶ 32} A trial court's determination of whether service was completed should not be disturbed absent an abuse of discretion. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), syllabus. Under the facts and circumstances of this case, we find that the trial court abused its discretion in concluding that service was perfected on Geotech.

{¶ 33} First, although there is no evidence in the record that Geotech ever learned or informed the court who filed the unsworn and unsolicited Communication Letter with the clerk, the averments contained in Tartabini and O'Brien's affidavits were credible evidence that supported the letter. The affidavits demonstrated that Geotech's principal place of business was never located at the Euclid Avenue address, and that Geotech's statutory agent did not have his office at the Euclid Avenue address in 2017, when the complaint and summons were served there. The evidence demonstrated, in fact, that Kaselak had not worked out of the Euclid Avenue address since 2008. This evidence directly supports the conclusion that the letter filed with the clerk was correct, and that, as handwritten on the letter, neither Geotech nor its statutory agent were located at the Euclid Avenue address in 2017, when service was made there.

{¶ 34} Furthermore, contrary to the trial court's finding, under the circumstances of this case, the fact that King served Geotech at the listed address for its statutory agent is insufficient to automatically establish effective service. This

of state, a written statement setting forth the new address." The record reflects that Geotech filed updated information with the secretary of state on February 21, 2020, regarding its statutory agent.

court has previously recognized that service on a listed agent is effective if the defendant has failed to update its agent for service of process with the secretary of state. *See Previte v. Puinno*, 187 Ohio App.3d 761, 2010-Ohio-1747, 933 N.E.2d 1127 (8th Dist.) (where the court rejected the defendant's "efforts to create an exception for effective service based upon its own neglect and failure to update its agent for service of process with the Ohio Secretary of State" because "the law mandates each [limited liability corporation] to 'maintain continuously in this state an agent for service of process on the company.' R.C. 1705.06(A)."); *but compare Runyon v. Hawley*, 9th Dist. Lorain No. 17CA011141, 2018-Ohio-2444, ¶ 32 ("there is no provision in R.C. 1705.06 that interprets a violation of the statute as creating an unrebuttable presumption of service.").

{¶ 35} The principle announced in *Previte* does not apply to this case, however, because unlike the plaintiff in *Previte*, King knew that service was never perfected. *Only five days* after the clerk's entry docketing the return of service on Geotech, King was put on notice by the Communication Letter that service on Geotech's listed statutory agent was not effective. King was again put on notice of insufficient service when, approximately six months later, the clerk sent King a notice that regular mail sent to the Euclid Avenue address had been returned as "unable to deliver." Significantly, King does not deny being on notice of either the Communication Letter or the June 2018, notice of failure of service on Geotech.

{¶ 36} It seems disingenuous that even with this knowledge, King served notice of the default hearing on Geotech's statutory agent at the Euclid Avenue

address, and represented to the trial court at the default hearing that Geotech had been properly served with both notice of the default hearing and the summons and complaint at the Euclid Avenue address. King's representation to the court about proper service of notice of the default hearing seems especially disingenuous given that upon obtaining the default judgment, King filed an affidavit in aid of execution that *for the first time*, listed both the Euclid Avenue address and the address of Geotech's principal place of business. King also instructed the sheriff to serve notice of the order in aid of execution at both addresses. Notably, the sheriff's service at the Euclid Avenue address failed while the service on Geotech at the Golden Oak Parkway address was successful.

{¶ 37} In light of these facts and circumstances, it is apparent that King was aware that service of the summons and complaint on Geotech, c/o Dennis Kaselak as statutory agent at the Euclid Avenue address, was never perfected, even though the name and address was listed with the secretary of state as Geotech's statutory agent. Because King knew that service was ineffective, we cannot conclude that Geotech's failure to update the address of its statutory agent with the secretary of state created an irrebuttable presumption of valid service.

{¶ 38} Because service was never perfected, the trial court had no jurisdiction to render judgment against Geotech, and the default judgment is therefore void. Accordingly, the trial court abused its discretion in denying Geotech's motion to vacate the judgment.

**{¶ 39}** Our decision comports with the basic tenet in Ohio law that "whenever possible cases should be decided on their merits." *Rafalski*, 17 Ohio App.3d at 67, 477 N.E.2d 1212, citing *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983). This is particularly true where large sums of money are at issue. *GGNSC Lima, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, at ¶ 24, citing *Draghin v. Issa*, 8th Dist. Cuyahoga No. 98890, 2013-Ohio-1898, ¶ 23 ("default judgments are not favored where large sums of money are at issue."). The assignment of error is sustained.

**{¶ 40}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR