[Cite as *K&D Mgt., L.L.C. v Thomas*, 2023-Ohio-617.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

K&D MANAGEMENT, LLC,  :

    Plaintiff-Appellee,  :

                        No. 111926

    v.  :

JAMES THOMAS,  :

    Defendant-Appellant.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 2, 2023

---

Civil Appeal from the Bedford Municipal Court
Case No. 16-CVF-02808

---

### *Appearances:*

Powers Friedman Linn, PLL, Robert G. Friedman, and
Rachel E. Cohen, *for appellee.*

Dann Law, Michael A. Smith, Jr., and Marc E. Dann, *for
appellant.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, James Thomas, appeals the trial court's decision denying his motion to vacate a default judgment entered in favor of plaintiff-appellee, K&D Management. For the reasons that follow, we affirm.

{¶ 2} On July 1, 2015, Thomas and K&D executed a residential lease agreement ("the lease") for the premises located at 25000 Rockside Road, #3525 ("the premises"). The lease term was from July 10, 2015, until June 30, 2016, and according to the lease, he and "Angelia Copes" were the legal occupants of the premises. After making periodic rental payments, Thomas subsequently became delinquent in rent and defaulted under the terms of the lease.

{¶ 3} On June 28, 2016, K&D filed a complaint against Thomas for monetary damages and separately filed a complaint for forcible entry and detainer, alleging that Thomas still was in possession of the premises. The complaint alleged that as of the filing date, Thomas owed K&D $2,079.90 in back rent and late charges. The complaint also sought interest and costs.

{¶ 4} The record reflects that the summons and complaint were sent by certified mail on June 28, 2016, to Thomas at the premises. On June 30, 2016, service was perfected — the return receipt reflected that "Angelia Copes" signed the receipt. Thomas failed to answer or otherwise appear. On November 7, 2016, the trial court awarded K&D a default judgment in the amount of $3,515.56, plus interest at 3 percent from the date of the judgment, and costs.

{¶ 5} On January 14, 2022, K&D moved to revive the judgment pursuant to R.C. 2325.15. On May 12, 2022, Thomas filed a common law motion to vacate judgment contending that he was not properly served with the complaint and thus, the trial court lacked personal jurisdiction, rendering the judgment void. Pursuant to his motion, he contended that he was not living at the premises address when the

complaint was served. He supported his motion with his affidavit that averred that he (1) was not served with the complaint, (2) was unaware that a lawsuit had been filed until receiving notice of the motion to revive judgment, and (3) did not live at the premises from July 10, 2015, to June 30, 2016.

{¶ 6} K&D opposed Thomas's motion contending that service of the complaint was proper under Civ.R. 4.1 because it was served at the premises and the certified mail receipt was signed and returned. It further alleged that Thomas had not vacated the premises as of June 28, 2016, because the keys to the premises were not returned and K&D had to proceed with its forcible entry and detainer action.

{¶ 7} The matter was scheduled for an oral hearing on August 3, 2022.[1] Although the trial court did not issue a journal entry following the hearing, an entry was made on the court's docket on August 3, 2022, that stated: "Hold case until [Thomas] to submit records by affidavit."

{¶ 8} On August 4, 2022, Thomas filed a "Proffer" of "testimony that would have been presented at the hearing." The proffer consisted of unsworn statements that "Thomas would have testified" about. Those statements included that (1) he never resided at the Leased Premises; (2) he did not receive actual notice of the pendency of the lawsuit until he was served with the motion to revive; (3) he told K&D that he would not be residing at the property; (4) from June 30, 2014, until

_____

[1] Although the record reflects that an oral hearing may have occurred, Thomas filed this appeal under an App.R. 9(A) record; thus, he did not request that a transcript be prepared for consideration of this appeal.

August 1, 2018, he resided on Knollwood in Parma; (5) from August 2, 2018, to present, he has resided at on Matherson in Cleveland; and (6) he did not sign for the certified mail service of the complaint. In support these unsworn proffered statements, Thomas presented two letters from the Illuminating Company stating, "you have electric service [with the company] at the [Knollwood] address as of 06/30/2014"; and that "you have electric service with [the company] at the [Matherson] address as of 08/02/2018." Additionally, he presented a postal service receipt to support that he did not sign for the certified mail service of the complaint — the receipt showed the signature of "Angelia Copes."

{¶ 9} On August 10, 2022, K&D filed a motion to strike Thomas's proffer because the statements were unsworn and not subject to cross-examination. Additionally, the motion requested that the court discredit the Illuminating Company attachments because they were not relevant to the timeframe encompassed by the lease. Finally, K&D asserted that the certified mail receipt did not have to be signed by Thomas for service to be perfected under the civil rules.

{¶ 10} Also, on August 10, the trial court issued its judgment entry accepting Thomas's proffer of evidence, but denying Thomas's claim that he did not receive service of the complaint. In this same judgment entry, the court granted K&D's motion to revive the judgment.[2]

---

[2] It is unclear from the record if the trial court considered K&D's motion to strike before issuing its judgment entry. Nevertheless, the trial court "accepted" Thomas's proffer. The motion to strike is part of our appellate record.

**{¶ 11}** Thomas now appeals, contending in his sole assignment of error that the trial court erred by denying his motion to vacate judgment.

**{¶ 12}** A default judgment may be rendered against a defendant who has failed to answer or otherwise defend against allegations raised in a complaint. *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assoc.*, 28 Ohio St.3d 118, N.E.2d 599 (1986); Civ.R. 55(A). When a defendant fails to answer, default judgment is warranted because liability has been admitted "by the omission of statements in a pleading refuting the plaintiff's claims." *Girard v. Leatherworks Partnership*, 11th Dist. Trumbull No. 2004-T-0010, 2005-Ohio-4779, ¶ 38.

**{¶ 13}** However, a judgment rendered without personal jurisdiction over a defendant is void. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus. A court acquires jurisdiction over a party in one of three ways: (1) proper and effective service of process; (2) voluntary appearance by the party; or (3) limited acts by the party or his counsel that involuntarily submit the party to the court's jurisdiction. *Austin v. Payne*, 107 Ohio App.3d 818, 821, 669 N.E.2d 543 (9th Dist.1995), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Therefore, "where the plaintiff has not perfected service on a defendant and the defendant has not appeared in the case or otherwise waived service, the court lacks jurisdiction to render a default judgment against the defendant." *Professional Bank Servs. v. Abboud*, 8th Dist. Cuyahoga No. 102078, 2015-Ohio-1651, ¶ 12, citing *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62, 665 N.E.2d 260 (10th Dist.1995).

{¶ 14} "The authority to vacate a void judgment is not derived from Civ.R. 60(B) but, rather, constitutes an inherent power possessed by Ohio courts." *Patton* at paragraph four of the syllabus. Thus, a default judgment rendered by a court without obtaining service over the defendant is void and the defendant is entitled to vacation of the judgment. *Broadvox, L.L.C. v. Oreste*, 8th Dist. Cuyahoga No. 92064, 2009-Ohio-3466, ¶ 12.

{¶ 15} Civ.R. 4(A) provides that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption." To be effective, service of process must comport with the requirements of due process. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406 N.E.2d 811 (1980), syllabus. "'Service of process is consistent with due process standards where it is reasonably calculated, under the circumstances, to give interested parties notice of a pending action and an opportunity to appear.'" *Lauver v. Ohio Valley Selective Harvesting, L.L.C.*, 12th Dist. Clermont No. CA2016-11-076, 2017-Ohio-5777, ¶ 17, quoting *Motorists Mut. Ins. Co. v. Roberts*, 12th Dist. Warren No. CA2013-09-089, 2014-Ohio-1893, ¶ 32; s*ee also Chilcote v. Kugelman*, 8th Dist. Cuyahoga No. 98873, 2013-Ohio-1896, ¶ 6, citing *Swinehart* at 406 (service is proper when service is made at an address where the plaintiff could reasonably have anticipated that the defendant would receive it).

{¶ 16} Civ.R. 4.1(A) outlines the methods for obtaining service of process within this state, including service by certified mail. Pursuant to Civ.R. 4.1(A)(1)(a), service of process via certified mail is evidenced by a return receipt signed *by any*

*person.* The rule does not require that delivery is restricted to the defendant or to a person authorized to receive service of process on the defendant's behalf. When service is attempted by certified mail, a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee. *New Co-Operative Co. v. Liquor Control Comm.*, 10th Dist. Franklin No. 01AP-1124, 2002-Ohio-2244, ¶ 8. Valid service of process is presumed when any person at the defendant's address received the certified mail envelope, whether or not the recipient is the defendant's agent. *Id.*

{¶ 17} In this case, K&D complied with Civ.R. 4.1(A) by sending the complaint by certified mail to the address listed on the lease. The lease provided that the legal occupants of the premises included Thomas and Angelia Copes. Accordingly, K&D could reasonably have anticipated that Thomas would receive it if sent to that address. The certified letter was received and the receipt was returned to K&D — a fact that Thomas does not dispute. Moreover, the return receipt reflects that "Angelia Copes" signed the receipt. Based on the record and evidence submitted, valid service of process is presumed because (1) the certified mail was sent to the address on the lease; (2) a signed receipt was returned to K&D, and (3) the signature on the receipt belonged to a legal occupant of the premises.

{¶ 18} The presumption of valid service that arises from plaintiff's compliance with the civil rules can be rebutted, however, where a defendant presents sufficient evidentiary-quality information demonstrating that service was not accomplished. *King v. Water's Edge Condominium Unit Owners' Assoc.*, 8th

Dist. Cuyahoga No. 109895, 2021-Ohio-1717, ¶ 25; *Rafalski v. Oates*, 17 Ohio App.3d 65, 67, 477 N.E.2d 1212 (8th Dist.1994); *see also Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, 975 N.E.2d 941, ¶ 18, fn. 2 (recognizing that "the presumption of valid service is rebuttable").

{¶ 19} Accordingly, the issue before this court is whether the trial court abused its discretion in finding that Thomas presented insufficient evidence to rebut the presumption of proper service. *King* at ¶ 32 (trial court's determination of whether service was completed should not be disturbed absent an abuse of discretion). An abuse of discretion occurs when the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 20} In support of Thomas's assertion that he was not properly served, he submitted an affidavit contending as such, averring that he (1) did not live at the premises during the leasing period, (2) was not served with the complaint by certified mail, regular mail, or by process server, and (3) had no knowledge of the lawsuit prior receiving the motion to revive judgment. Subsequently, Thomas presented a proffer containing unsworn statements and documentation, purportedly substantiating his prior statements. The documentation included letters to Thomas from the Illuminating Company stating that "you have electric service [with the company] at the [Knollwood] address as of 06/30/2014"; and that "you have electric service with [the company] at the [Matherson] address as of 08/02/2018." Noticeably absent from this date range, however, is a letter from the

Illuminating Company during the leasing period from July 10, 2015, until June 30, 2016, denying that he had electric service at the premises during that timeframe. Moreover, the documentation presented by K&D indicates that Thomas was living in another location at the time Thomas submitted his rental application with K&D in May 2015. According to the application, he was living on Libby Road for the past "17 months" — contrary to his assertions in his proffer.

{¶ 21} This court has held that where a party seeking to vacate a judgment makes an uncontradicted sworn statement that they never received service of a complaint, he is entitled to have the judgment against him vacated even if his opponent complied with the civil rules and had service made at an address where it could reasonably be anticipated that the defendant would receive it. *See, e.g., Rafalski*, 12 Ohio App.3d at 66-67, 477 N.E.2d 1212. A trial court is not required, however, to give preclusive effect to a movant's sworn statement that he did not receive service of process when the record contains no other indication that service was ineffectual. *TCC Mgt. v. Clapp*, 10th Dist. Franklin No. 05AP-42, 2005-Ohio-4357, ¶ 15, citing *Oxley v. Zacks*, 10th Dist. Franklin No. 00AP-247, 2000 Ohio App. LEXIS 4500 (Sept. 29, 2000). Rather, in determining whether a defendant has sufficiently rebutted the presumption of valid service, the trial court may assess the credibility and competency of the submitted evidence of nonservice. *Clapp* at ¶ *id.*, citing *New Co-Operative Co.*, 10th Dist. Franklin No. 01AP-1124, 2002-Ohio-2244, at ¶ 9.

{¶ 22} Thomas does not deny that K&D received a return receipt to the certified mail but maintains that he did not sign the certified mail receipt. This is a true statement. But the fact that he did not sign for the certified mail does not invalidate that service of process was perfected. *See* Civ.R. 4.1(A) ("signed by any person"). The evidence that Thomas presented reflects that the certified mail receipt was signed by "Angelia Copes," who according to the lease was a legal occupant of the premises. On appeal, Thomas contends for the first time that "Angelia has maintained that this is not her signature." Thomas did not present any evidence to the trial court to support this assertion. *Compare Clapp* at ¶ 14 (movant's affidavit stating she never received service was corroborated by an affidavit of the recipient of the certified mail stating that he signed for and received the certified mail but neither opened it nor gave it to movant).

{¶ 23} The record before this court shows that a valid presumption exists that Thomas was served with the complaint pursuant to Civ.R. 4.1(A) at an address where the K&D could reasonably have anticipated that Thomas would receive the certified mailing. Thomas has failed to demonstrate that the trial court abused its discretion in rejecting his statements and documentation as sufficient evidentiary-quality to rebut the presumption that service was perfected. Accordingly, we find that the trial court did not abuse its discretion in denying Thomas's motion to vacate. The assignment of error is overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
LISA B. FORBES, J., CONCUR