[Cite as *Goodwin v. Goodwin*, 2011-Ohio-3263.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96151**

## EVONNE GOODWIN

PLAINTIFF-APPELLEE

vs.

## JEFFREY GOODWIN

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-309526

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 30, 2011

**FOR APPELLANT**

Jeffrey Goodwin, pro se
Inmate #A551-030
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, OH 44044

**FOR APPELLEE**

Evonne Goodwin, pro se
9606 Talbot Avenue
Cleveland, OH 44106

SEAN C. GALLAGHER, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and appellant's brief.

{¶ 2} Appellant Jeffery Goodwin ("husband"), pro se, appeals the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, that denied, without hearing, his motion to vacate the final entry of divorce entered on July 7, 2006. For the following reasons, we reverse the decision of the domestic relations court and remand for further proceedings.

{¶ 3} On June 2, 2003, Goodwin married appellee Evonna Goodwin ("wife") in Marion, Ohio.[1] Wife, pro se, filed for divorce on March 14, 2006. Wife perfected service of the complaint by regular mail service on husband at 748 Eddy Road, Cleveland, Ohio ("Eddy Road address"), after the certified mailer was returned "unclaimed" to the same address. The domestic relations court proceeded to hold a hearing and granted the uncontested divorce. The court journalized its final order on July 7, 2006.

{¶ 4} On November 9, 2010, husband filed a motion to vacate the divorce judgment pursuant to Civ.R. 60(B). Among other arguments, husband claimed that he had no notice of the divorce action "until after the decree," the allegations in the complaint for divorce were false, wife knew where he was when the complaint was filed, and wife committed perjury by providing false information in an affidavit of poverty. The domestic relations court summarily denied husband's uncontested motion. It is from this decision that husband appeals, asserting two assignments of errors, which are as follows:

"The domestic relations court erred through failure to adhere to the statutory mandates of O.R.C. §3105.171(B) by failure to make a determination of the division of marital property in violation of clearly established law."

"The domestic relations court erred by refusing to set aside [sic] the default judgment order in light of an averment of operative facts in regards to fraud upon the court through perjury within the poverty affidavit and failure to comply with civil rule 4.1 and, 4.4."

---

[1] We note that husband's name appears in the record as "Jeffrey," "Jeffray," and "Jeffery," and that wife's name appears as "Evonna" and "Evonne."

**{¶ 5}** Husband essentially argues that the domestic relations court abused its discretion by not vacating the judgment of divorce and by not holding a hearing in order for husband to establish the evidentiary basis of his motion. Husband's discussion of R.C. 3105.171(B) goes to the meritorious defense aspect of a motion to vacate. Both assignments of error relate to the domestic relations court's failing to vacate the judgment of divorce, and therefore we will address both assignments together.

**{¶ 6}** The standard of review on an appeal of a Civ.R. 60(B) motion to vacate is an abuse of discretion. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. "Abuse of discretion connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." (Citations and quotations omitted.) *Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 342, 1998-Ohio-387, 695 N.E.2d 1140.

**{¶ 7}** In order to prevail on a motion brought under Civ.R. 60(B), the moving party must demonstrate all of the following elements: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113. In cases where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), a motion to vacate is timely if filed not more than one year after the

judgment was entered. Id. Where the grounds for relief are based on Civ.R. 60(B)(4) or (5), the motion to vacate must be filed within a reasonable time, which is fact dependent.

{¶ 8} Trial courts must grant a hearing to take evidence if a Civ.R. 60(B) motion contains allegations of operative facts that would warrant relief from judgment. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 1996-Ohio-430, 665 N.E.2d 1102. "Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." (Internal citations omitted.) *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 1996-Ohio-54, 666 N.E.2d 1134.

{¶ 9} "[I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 192, 431 N.E.2d 644. While we cannot ignore the Rules of Civil Procedure, we can allow some degree of latitude to litigants appearing pro se. It is with this overarching rubric that we review the current case.

{¶ 10} In order to be entitled to a hearing pursuant to Civ.R. 60(B), husband need only include operative facts in his motion to vacate that satisfy the three elements set forth by the Supreme Court in *GTE Automatic Elec.*, 47 Ohio St.2d at 150-151. Wife did not file an opposition brief with the domestic relations court. On appeal, husband claims the domestic

relations court should have held a hearing based on the allegations of operative facts contained in the motion to vacate. We agree, but not for the reason cited by husband.

{¶ 11} The final judgment of divorce was entered in July 2006, over four years prior to husband's filing a motion to vacate pursuant to Civ.R. 60(B). The domestic relations court normally would not abuse its discretion in summarily denying a motion to vacate that does not contain operative facts to satisfy the three *GTE Automatic* elements listed above, especially in light of the fact that there was no reason behind the delay in filing the motion to vacate. *Kay*, 76 Ohio St.3d 18. However, buried and easily overlooked within his brief were two references to lack of service of process, which challenge the domestic relations court's jurisdiction over husband.

{¶ 12} Husband stated that he never lived at the Eddy Road address and that wife's attempts to locate a proper address did not constitute the "reasonable diligence required of Civ.R. 4.4(B)." We acknowledge that the rule cited is inapplicable to the disposition of his motion and further complicated review of it — Civ.R. 4.4(B) deals with serving by publication when the defendant's residence is known. Service was perfected by regular mail. Despite the error in citation, husband sufficiently raised the improper service issue with the domestic relations court, at least necessitating a hearing to take evidence and determine the witness's credibility.

{¶ 13} A trial court lacks jurisdiction to render a judgment against a defendant if service of process is improper and the defendant has not appeared or waived service. *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 341, 2006-Ohio-5568, 862 N.E.2d 885. The authority to vacate such a judgment does not derive from Civ.R. 60(B), but from the inherent power of the court. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941. Compliance with Civ.R. 60(B) is unnecessary to vacate a void decree. Id. A review of the record reveals that husband did not appear or waive service prior to the final judgment entry.

{¶ 14} "[S]ervice of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Money Tree Loan Co.*, 169 Ohio App.3d at 341. In *Money Tree*, this court held that a "trial court errs in summarily overruling a defendant's motion to set aside a judgment for lack of service, when the defendant submits a sworn statement that she did not receive service of process, without affording the defendant a hearing." Id. at ¶ 11.

{¶ 15} The domestic relations court properly relied on the presumption of service reflected on its docket. Wife complied with Civ.R. 4.1 by causing the clerk to send regular mail service to the Eddy Road address when the certified mailer was returned "unclaimed." Husband, however, argued that he never lived at the Eddy Road address and that wife's attempts to locate a proper address did not constitute reasonable diligence because she was aware he never lived there.

{¶ 16} We acknowledge husband in this case did not submit the required affidavit or otherwise provide a sworn statement to substantiate the allegation he never lived at the Eddy Road address. We nonetheless extend the rationale from *Money Tree* in this specific instance. Husband's allegation sufficiently challenges the presumption of proper service in the divorce proceedings, and there is no indication that a proper affidavit would have differed from the factual allegations included in his motion. The procedural deficiency in failing to include a properly framed affidavit with his motion and the fact the opposing party failed to respond should not deprive the domestic relations court of the ability to address the merits of the motion.

{¶ 17} Again, we understand how a pro se motion challenging the jurisdiction of the court, filed more than four years after the final judgment entry, can result in denial of the motion without hearing. Nevertheless, we find the domestic relations court erred when it denied the motion to vacate without first holding a hearing to determine the witness's credibility and the sufficiency of the evidence. We note that it is not necessary to prove actual service on the defendant in order to contradict sworn evidence attesting to non-service. *In re H.T.*, Summit App. No. 24087, 2008-Ohio-3436, ¶ 21. The trial court may find that the evidence presented at such a hearing, if any, is insufficient or incredible and thereby fails to rebut the presumption of proper service. We reverse the decision of the domestic relations court and remand for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR