[Cite as *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 2018-Ohio-1298.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105910**

---

# GGNSC LIMA, L.L.C., ET AL.

PLAINTIFFS-APPELLEES

vs.

# LMOP, L.L.C., ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
REVERSED, VACATED, AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-874161

**BEFORE:** E.T. Gallagher, P.J., Stewart, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 5, 2018

**ATTORNEYS FOR APPELLANTS**

Drew Barnholtz
26060 Annesley Rd.
Beachwood, Ohio 44122

Brian J. Seitz
The Seitz Law Firm, L.L.C.
P.O. Box 470138
Broadview Heights, Ohio 44147


**ATTORNEYS FOR APPELLEES**

**For GGNSC Lima, L.L.C.**

Donald A. Mauser
Jack W. Hinneberg
Amanda K. Rasbach Yurechko
Robert B. Weltman
Weltman Weinberg & Reis Co., L.P.A.
323 W. Lakeside Ave., Suite 200
Cleveland, Ohio 44113

David S. Brown
Rolf Goffman Martin Lang, L.L.P.
30100 Chagrin Blvd., Suite 350
Cleveland, Ohio 44124

**For GGNSC Napoleon, L.L.C.**

Matthew G. Burg
Daniel A. Friedlander
Weltman Weinberg & Reis Co., L.P.A.
323 W. Lakeside Ave., Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES (continued)**

**For GGNSC Saint Marys, L.L.C.**

Amy Clum Holbrook
Weltman Weinberg & Reis Co., L.P.A.
323 W. Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendants-appellants, LMOP, L.L.C., et al., appeal from the trial court's judgment granting default judgment in favor of plaintiffs-appellees, GGNSC Lima, L.L.C., et al. Appellants raise the following assignments of error for review:

1. The trial court erred and/or committed reversible error and/or abused its discretion in granting default judgment.

2. The trial court erred and/or committed reversible error and/or abused its discretion in granting default judgment when no service of the complaint was made on the appellants.

3. The trial court erred and/or committed reversible error and/or abused its discretion in granting default judgment when it failed to vacate the default judgment when there was a failure of proper service, the court lacked personal jurisdiction of appellants and the judgment was void ab initio.

4. The trial court erred and/or committed reversible error and/or abused its discretion when it denied appellants' 60(B) motion.

5. The trial court erred and/or committed reversible error and/or abused its discretion in denying the appellants' Civ.R. 60(B) motion without first conducting an evidentiary hearing.

{¶2} After careful review of the record and relevant case law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

## I. Procedural and Factual History

{¶3} On January 10, 2017, plaintiffs-appellees, GGNSC Lima, L.L.C., GGNSC Napoleon, L.L.C., and GGNSC Saint Mary's, L.L.C. (collectively "plaintiffs"), filed a complaint against defendants-appellants, LMOP, L.L.C., d.b.a. the Orchards Living & Rehab Center, a.k.a. The Orchards of Lima Living & Rehab Center ("LMOP"), NCOP, L.L.C., d.b.a. the Orchards of Napoleon Living & Rehab, a.k.a. The Orchards of

Northcrest Living & Rehab Center ("NCOP"), and VLOP, L.L.C., d.b.a. The Orchards of St. Mary's Living & Rehab Center, a.k.a. Vancrest of St. Mary's ("VLOP") (collectively "appellants").

{¶4} The complaint sought separate monetary judgments against the appellants for unpaid funds owed to plaintiffs pursuant to the terms of an Operation Transfer Agreement entered into by the parties in February 2014. The Agreement, which was attached to the complaint, provides, in relevant part:

> The delivery of any notice or communication shall be in writing. The delivery of such notices or communications, shall be made by fax, by regular mail or overnight courier to the individuals at the addresses indicated below:
>
> If to Operator:
> Andrew Fishman
> Akiva Grunewald
> Orchard Healthcare Partners
> 26945 Amhearst Circle #209
> Beachwood, Ohio 44122
>
> with a copy to:
> Eric M. Simon, Esq. [sic]
> Taft, Stettinius & Hillister LLP
> 200 Public Square, Suite 3500
> Cleveland, Ohio 44114

{¶5} Based on this information, the summons and complaint were served on appellants by Federal Express, at 26945 Amhearst Circle #209, Beachwood, Ohio 44122 (the "Beachwood address"). The Federal Express receipts were returned as "delivered" on January 17, 2017.

{¶6} On March 7, 2017, plaintiffs filed a motion for default judgment, arguing that the appellants, "although duly served with summons and complaint, failed to plead or otherwise appear within the time prescribed by [Civ.R. 55(A)]."

{¶7} On March 16, 2017, the trial court granted the motion for default judgment, stating, in relevant part:

> Motion for default unopposed and granted; Plaintiffs appear through counsel and defendants do not appear.
>
> Judgment for Plaintiffs against Defendant [LMOP] in the amount of $116,036.82 plus interest at the statutory rate of 4% per annum; judgment rendered for Plaintiff against Defendant [NCOP] in the amount of $39,107.61, plus interest at the statutory rate of 4% per annum; judgment against Defendant [VLOP] in the amount of $31,467.26, plus interest at the statutory rate of 4% per annum.

{¶8} On May 18, 2017, appellants filed a notice of appearance and a motion to vacate the default judgment pursuant to Civ.R. 60(B). Appellants argued that the default judgment was void for lack of personal jurisdiction because plaintiffs failed to perfect service on appellants' registered agent or to appellants' usual place of business pursuant to Civ.R. 4.2.

{¶9} Plaintiffs opposed the motion to vacate, claiming that appellants were properly served at their business address via Federal Express on January 17, 2017. In its opposition brief, plaintiffs attached certain registration documents filed by LMOP, NCOP, and VLOP with the Ohio Secretary of State. Those documents list the Beachwood address as the appellants' "business address." In addition, plaintiffs submitted a digital image of a website operated by "The Orchards Healthcare Service

Group." The exhibit depicts the website's "contact us" page, which also lists the Beachwood address as the business's mailing address.

**{¶10}** On May 22, 2017, the trial court denied appellants' motion to vacate the default judgment without holding a hearing.

**{¶11}** Appellants now appeal from the trial court's judgment.

## II. Law and Analysis

**{¶12}** Collectively, appellants argue in their first, second, third, fourth, and fifth assignments of error that (1) the trial court lacked jurisdiction to enter default judgment in favor of plaintiffs without proper and effective service of process, and (2) the trial court abused its discretion by denying appellants' motion to vacate the default judgment without holding an evidentiary hearing. We address appellants' assigned errors together for judicial clarity.

**{¶13}** A default judgment may be entered against a defendant who has failed to answer or otherwise defend against allegations raised in a complaint. *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (1986); Civ.R. 55(A). When a defendant fails to answer, default judgment is warranted because liability has been admitted "by the omission of statements in a pleading refuting the plaintiff's claims." *Girard v. Leatherworks Partnership*, 11th Dist. Trumbull No. 2004-T-0010, 2005-Ohio-4779, ¶ 38.

**{¶14}** However, a judgment rendered without personal jurisdiction over a defendant is void. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988),

paragraph three of the syllabus. A court acquires personal jurisdiction over a party in one of three ways (1) proper and effective service of process, (2) voluntary appearance by the party, or (3) limited acts by the party or his counsel that involuntarily submit him to the court's jurisdiction. *Austin v. Payne*, 107 Ohio App.3d 818, 821, 669 N.E.2d 543 (9th Dist.1995), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). Therefore, "where the plaintiff has not perfected service on a defendant and the defendant has not appeared in the case or otherwise waived service, the court lacks jurisdiction to render a default judgment against the defendant." *Professional Bank Servs. v. Abboud*, 8th Dist. Cuyahoga No. 102078, 2015-Ohio-1651, ¶ 12, citing *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62, 665 N.E.2d 260 (10th Dist.1995).

**{¶15}** Trial courts have inherent authority to vacate a void judgment; thus a party who asserts a lack of jurisdiction by improper service does not need to meet the requirements of Civ.R. 60(B). *Patton*, 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus; *Khatib v. Peters*, 8th Dist. Cuyahoga No. 104318, 2017-Ohio-95, ¶ 30. The party is only required to show that service was invalid. *Id.* A default judgment rendered by a court without obtaining service over the defendant is void, and the party is entitled to vacation of the judgment. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), syllabus. The trial court's decision regarding the validity of service should be upheld absent an abuse of discretion. *Id.*

> The plaintiff bears the burden of obtaining proper service on a defendant. *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts

this presumption with sufficient evidence of non-service. *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005 CA 97, 2006-Ohio-5380, ¶ 11. In order to rebut the presumption of proper service, the other party must produce evidentiary-quality information demonstrating that he or she did not receive service. *McWilliams v. Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390, and 98423, 2013-Ohio-29, ¶ 51, citing *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897, ¶ 23.

Relevant to the circumstances presented in this case, the rebuttable presumption of proper service may be rebutted by evidence that the defendant did not reside, nor received mail, at the address to which such ordinary mail service was addressed. *Schumacher* at ¶ 49, citing *Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. Franklin No. 03AP-951, 2004-Ohio-2816, ¶ 10. "Where the defendant files a motion to vacate judgment, and swears under oath that he or she did not reside at the address to which process was sent, the presumption is rebutted, and it is incumbent upon the plaintiff to produce evidence demonstrating that defendant resided at the address in question." *Watts v. Brown*, 8th Dist. Cuyahoga No. 45638, 1983 Ohio App. LEXIS 15311, 14-15 (Aug. 4, 1983).

*Hook v. Collins*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, ¶ 14-15.

**{¶16}** When the movant's motion to vacate contains allegations of operative facts that would warrant relief, the trial court should grant a hearing on such motion. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974).

**{¶17}** Service of process must comply with Civ.R. 4.1 through 4.6. Relevant to this case, Civ.R. 4.2(G) provides that proper service upon a limited liability company can occur "by serving the agent authorized by appointment or by law to receive service of process; or by serving the limited liability company at any of its usual places of business by a method authorized under Civ.R. 4.1(A)(1); or by serving a manager or member." In general, the test for determining whether a party was properly served is whether service of

process was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Hook* at ¶ 13, citing *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980).

{¶18} In this case, appellants argue the default judgment is void for lack of personal jurisdiction because the plaintiffs failed to comply with the mandates of Civ.R. 4.2. Appellants contend that the Beachwood address listed in the Agreement is not appellants' "usual or customary place of business," or an address for a current agent, manager, or member of the limited liability companies. Appellants explain that the Beachwood address is the address of a former operator or representative, Akiva Grunewald, who separated from the appellants approximately 18 months before plaintiffs filed this action. Appellants submitted a copy of Grunewald's separation agreement as evidence that at the time service was rendered at the Beachwood address, Grunewald was not "an authorized agent of the defendants or related to the defendants in any capacity." Thus, appellants assert that by solely providing service to the Beachwood address, "plaintiffs failed to make defendants aware of this lawsuit."

{¶19} In contrast, plaintiffs argue that they complied with the express requirements of Civ.R. 4 by serving appellants' authorized agent at the Beachwood address, which is the address designated in the parties' Agreement, on appellants' business website, and listed with the Ohio Secretary of State. Plaintiffs contend that "using the address provided

by [appellants], and used by [appellants] themselves [was] reasonably calculated to notify the [appellants] of the pending suit."

**{¶20}** In challenging the presumption of valid service in this case, appellants submitted the sworn statement of Adam Ostreicher, an "authorized representative" of the appellants. Ostreicher averred, in relevant part:

> AFFIANT FURTHER STATES that the named defendants previously operated nursing facilities located at 599 South Shawnee Street, Lima, OH 45804 (LMOP, LLC), 240 Northcrest Drive, Napoleon, OH 43545 (NCOP, LLC), and 1140 Knoxville Ave, St. Marys, OH 45884 (VLOP, LLC).

> AFFIANT FURTHER STATES that, since April of 2015, Defendants have never conducted any business at the location that Defendants were allegedly served at * * * nor has [the Beachwood address] been Defendants' usual place of business.

> AFFIANT FURTHER STATES that I have never received service in [this] captioned case.

**{¶21}** Appellants further submitted the sworn statement of Eric M. Simon, who is listed in the Ohio Secretary of State's records as the registered agent for Defendants NCOP and LMOP, and the "authorized representative" of VLOP. Simon averred, in relevant part:

> AFFIANT FURTHER STATES that I am the registered agent of record with the Ohio Secretary of State's office for NCOP, LLC and LMOP, LLC.

> AFFIANT FURTHER STATES that, to the best of my knowledge and as reflected on the court's docket in this matter, I have never received service in [this] captioned case.

**{¶22}** After careful consideration, we find the evidence attached to appellants' motion to vacate required the trial court to hold an evidentiary hearing. We recognize

plaintiffs' position that it was not notified that the Beachwood address was outdated, and therefore, service to that address was reasonably calculated to provide appellants notice of the pending suit. However, this court has held that a trial court commits reversible error by "summarily overruling a defendant's motion to set aside a judgment for lack of service, when the defendant submits a sworn statement that she did not receive service of process, without affording the defendant a hearing." *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885, ¶ 16 (8th Dist.). *See also Khatib v. Peters*, 8th Dist. Cuyahoga No. 102663, 2015-Ohio-5144, ¶ 25; *Goodwin v. Goodwin*, 8th Dist. Cuyahoga No. 961151, 2011-Ohio-3263, ¶ 14.

{¶23} In this case, appellants have submitted two sworn statements from authorized agents or representatives of appellants indicating that they did not receive service of plaintiffs' complaint. Following the clear precedent of this court in *Money Tree*, we find a hearing is required to sufficiently assess the credibility of the evidence submitted by appellants in order to determine whether they rebutted the presumption of proper service. *See Goodwin* at ¶ 17.

{¶24} On remand, the trial court must assess the competing evidence submitted by the parties to determine whether, as of the date this case was filed, service to the Beachwood address would have constituted service to (1) an agent authorized by appointment or by law to receive service of process; (2) the limited liability company at its usual places of business; or (3) a manager or member of the limited liability company. Upon consideration of this issue, the trial court must remain mindful of the basic tenent

of Ohio law that cases should be decided on their merits when possible. *Rafalski v. Oates*, 17 Ohio App.3d 65, 67, 477 N.E.2d 1212 (8th Dist.1984), citing *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983). This is particularly true, where, as here, large sums of money are at issue. *Draghin v. Issa*, 8th Dist. Cuyahoga No. 98890, 2013-Ohio-1898, ¶ 23 ("default judgments are not favored where large sums of money are at issue.").

**{¶25}** Based on the foregoing, we find that the trial court abused its discretion by denying appellants' motion to vacate default judgment without holding a hearing. The trial court's order denying appellants' motion to vacate the default judgment is vacated, and this case is remanded for a hearing to determine whether appellants ever received service of the summons and complaint prior to the entry of judgment. Should the trial court find after holding a hearing that the evidence submitted in plaintiff's opposition brief demonstrates that, despite the submitted affidavits, appellants did receive valid service of the complaint and summons in compliance with Civ.R. 4.2(G), it shall deny the motion to vacate. If it finds the service was not perfected upon a valid address, it shall vacate the default judgment and proceed with the resolution of the case on the merits.

**{¶26}** Appellants' fifth assignment of error is sustained. The remaining assignments of error are rendered moot.

**{¶27}** Judgment reversed and remanded for the trial court to vacate the default judgment.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
SEAN C. GALLAGHER, J., CONCUR