[Cite as *FIA Card Servs. v. Adler*, 2022-Ohio-4631.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| FIA CARD SERVICES NA, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111087 |
| v. | : | |
| MARIBETH ADLER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 16, 2022

Civil Appeal from the Rocky River Municipal Court
Case No. 11-CVF-1197

## *Appearances:*

Waldheger • Coyne and Scott Robinson, *for appellant.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Defendant-appellant Maribeth Adler appeals from the November 9, 2021 judgment of the Rocky River Municipal Court granting Bank of America, NA's motion to revive judgment and denying appellant's motion to vacate void judgment. After a careful review of the facts and pertinent law, we affirm.

**Factual and Procedural History**

{¶ 2} In May 2011, plaintiff-appellee FIA Card Services NA filed this action against appellant alleging failure to pay a little over $3,000 in credit card debt. The docket indicates that service on appellant at a Westlake, Ohio address was "successful" in June 2011. The name of the person who signed the return receipt does not appear to be appellant's name. Appellee did not reissue the summons and complaint via regular mail.

{¶ 3} In July 2011, appellee filed a motion for default judgment. Appellee served the motion on appellant at the Westlake address. The trial court granted the motion without a hearing in August 2011. Thereafter, appellee attempted, unsuccessfully, to attach funds from appellant's banks. The notices of attachment proceedings and requests for hearings were mailed to appellant at the Westlake address.

{¶ 4} In December 2020, Bank of America, NA filed a motion to revive dormant judgment. Bank of America served the motion on appellant at a Rocky River, Ohio address. In January 2021, appellant, pro se, filed an answer denying any knowledge of the underlying debt and denying that she had been served with the complaint in 2011. Appellant stated that she believed the debt may have been incurred by her husband, who is now deceased. She requested that Bank of America conduct a fraud investigation.

{¶ 5} In March 2021, appellant filed a motion to vacate the default judgment against her. Appellant included an affidavit in support of her motion. Appellant

averred that (1) she never received a summons or complaint in 2011, (2) she never signed for receipt of a summons or complaint in 2011, (3) the return service card shows her father, who is now deceased, signed for service, (4) she was never served with a copy of the 2011 complaint, and (5) she was never served with the motion for default judgment. Appellant further averred that she believed the credit card account was extended under her name by way of fraud.

{¶ 6} The trial court held a telephonic hearing with Bank of America and appellant, at which the court granted 90 days for discovery and investigation of potential fraud. The court stated that a hearing would be set, if necessary, after June 1, 2021.

{¶ 7} In July 2021, Bank of America filed a response to appellant's motion to vacate and in support of appellee's motion to revive judgment, in which it stated that, after investigation, it was determined no fraud was associated with the account. The bank contended that service was complete upon signing of the return receipt card. The bank also explained that FIA Card Services merged into Bank of America.

{¶ 8} On August 30, 2021, the case was continued for another 60 days for discovery. The court set the matter for a telephonic case management conference to be held on November 1, 2021, which was had.

{¶ 9} On November 9, 2021, the trial court issued its judgment granting Bank of America's motion to revive judgment and denying appellant's motion to vacate judgment.

**{¶ 10}** Appellant filed a timely notice of appeal and raises the following two assignments of error for our review:

    I.    The trial court erred when it granted judgment for [the] bank and against Maribeth when the court lacked personal jurisdiction over Maribeth.

    II.    The trial court violated Maribeth's due process rights by not requiring that [the] bank comply with the Ohio Rule of Civil Procedure to perfect service upon Maribeth and not holding an evidentiary hearing prior to the court issuing a judgment against Maribeth.

**Law and Analysis**

**{¶ 11}** Appellant's assignments of error, both of which challenge service, are interrelated and will be considered together.

**{¶ 12}** A trial court cannot render judgment against a defendant over whom it has no personal jurisdiction. "[T]o enter a valid judgment, a court must have personal jurisdiction over the defendant." *Mayfran Internatl., Inc. v. Eco-Modity, L.L.C.*, 2019-Ohio-4350, 135 N.E.3d 792, ¶ 9 (8th Dist.), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). "[A] judgment rendered without personal jurisdiction over a defendant is void." *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, ¶ 14, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus.

**{¶ 13}** A court does not acquire personal jurisdiction over a defendant unless and until the defendant is properly served with the complaint and summons or the defendant makes an appearance in the case. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus. Appellant

did not make an appearance in this case prior to default judgment being entered against her. Thus, the issue is whether appellee properly achieved certified mail service on appellant.

{¶ 14} Service of process, which is governed by Civ.R. 4.1 through 4.6, must be made in a manner reasonably calculated to apprise the defendant of the action and to afford him or her an opportunity to respond. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). As is relevant here, service by certified mail is "[e]videnced by return receipt signed by any person" "at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk." Civ.R. 4.1(A)(1)(a). "Individuals must be served at their 'usual place of residence,' and any person residing at that address who is of 'suitable age and discretion' may receive such service." *Hook v. Collins*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, ¶ 13, quoting Civ.R. 4.1.

{¶ 15} In *Castellano v. Kosydar*, 42 Ohio St.2d 107, 326 N.E.2d 686 (1975), the Ohio Supreme Court elaborated on service by certified mail, stating,

> It should also be noted that certified mail, under the Rules of Civil Procedure, no longer requires actual service upon the party receiving the notice, but is effective upon certified delivery. Prior to its amendment in 1971, Civ. R. 4.1(1) stated that "* * * if the return receipt shows failure of delivery *to the addressee* the clerk shall forthwith notify, by mail, the attorney of record * * *." However, the above-italicized words were subsequently deleted, evidencing an intent to avoid the impression that certified mail, to be effective, had to be delivered to and signed by the addressee only. The above considerations, and the recognition that a need for actual notice would be contradictory to modern service requirements, represent persuasive arguments for the rejection of appellants' position.

*Id.* at 110.

{¶ 16} The plaintiff bears the burden of obtaining proper service on a defendant. *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice. *Hook*, at ¶ 14, citing *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005 CA 97, 2006-Ohio-5380, ¶ 11. "In order to rebut the presumption of proper service, the other party must produce evidentiary-quality information demonstrating that he or she did not receive service." *Hook* at *id.*, citing *McWilliams v. Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390, and 98423, 2013-Ohio-29, ¶ 51, citing *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897, ¶ 23.

{¶ 17} We review the trial court's judgment regarding the validity of service for an abuse of discretion. *GGNSC Lima, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, at ¶ 15. Trial courts have inherent authority to vacate a void judgment, and a party asserting lack of jurisdiction due to lack of service does not need to meet the requirements of Civ.R. 60(B). *Id.*

{¶ 18} In *Hook*, a summons and complaint by certified mail was sent to the defendant at an address in Kent, Ohio in November 2014. The defendant claimed he was never served and submitted an affidavit that (1) he has not resided at, or worked out of, the Kent address since December 2011, (2) he was not served with the complaint in this case prior to the default judgment, and (3) he only became

aware of the complaint and default judgment when he was served with a summons at his current address in December 2015. This court found the defendant's averments sufficient to rebut valid service.

{¶ 19} Here, appellant averred that (1) she never received a summons or complaint in 2011, (2) she never signed for receipt of a summons or complaint in 2011, (3) the return service card shows her father, who is now deceased, signed for service, (4) she was never served with a copy of the 2011 complaint, and (5) she was never served with the motion for default judgment. Appellant's affidavit was insufficient to rebut the presumption of service. She did not aver that she did not live at the Westlake address and, further, admitted that her father signed for service. Appellant's father was of suitable age and discretion to receive service.

{¶ 20} Appellant's first and second assignments of error are overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule

27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR