[Cite as *State v. Jimenez*, 2025-Ohio-651.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114075 |
| v. | : | |
| MIGUEL ANTONIO JIMENEZ, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 27, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-968172

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Craig Morice, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Thomas T. Lampman, Assistant Public Defender, *for appellant*.

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant Miguel Antonio Jimenez ("Jimenez), appeals from the trial court's order denying his motion to vacate the default judgment

entered against him. For the following reasons, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

**Factual and Procedural History**

{¶ 2} This case stems from events that took place on April 6, 2022, when Cleveland cartel, gang, narcotics, and laundering ("CGNL") task force officers seized $20,000 in U.S. currency and two iPhones from Jimenez at the Cleveland airport. The record does not indicate the State prosecuted Jimenez for any criminal conduct related to the April 6, 2022 incident. However, on August 31, 2022, the State filed against Jimenez a complaint for civil forfeiture pursuant to R.C. 2981.05(D)(1), asserting that

> Jimenez received, retained, and/or possessed [the cash] knowing or having reasonable cause to believe that the [cash was] proceeds derived from the commission of drug trafficking (R.C. 2925.03) and/or conspiracy or attempt to commit, or complicity in committing drug trafficking, which are offenses subject to forfeiture proceedings in violation of section 2927.21 of the Revised Code.

Complaint, paragraph 2.

{¶ 3} The State initially attempted to serve the complaint on Jimenez by certified mail at an address on West 32nd Street in Cleveland, Ohio ("the West 32nd Street address"); the clerk of courts sent the complaint by certified mail on September 2, 2022.[1]

---

[1] R.C. 2981.05(F) requires that at the time a forfeiture complaint is filed, the prosecutor must publish notice to each person who is reasonably known to have any interest in the property in a general circulation newspaper in the county where the property is located. On September 15, 2022, the State filed a notice informing the court, parties, and counsel of record that it published a notice once a week for two consecutive weeks in conformity with R.C. 2981.05(F). The record does not demonstrate that the publication

{¶ 4} On September 19, 2022, the complaint was returned for failure of service and was marked "unclaimed." On September 27, 2022, the State requested service of the complaint by ordinary mail, pursuant to Civ.R. 4.6(D), to the West 32nd Street address, and the clerk of courts sent the complaint by ordinary mail.

{¶ 5} Jimenez did not file an answer to the complaint and, on November 21, 2022, the State filed a motion for default judgment. The trial court conducted a default hearing on March 1, 2023. In its March 21, 2023 journal entry denying the State's motion for default judgment, the trial court stated, "[T]he docket reflects that service of the complaint was perfected on [Jimenez]" but found the State did not provide sufficient evidence to demonstrate (1) the task officers had probable cause to believe the seized goods were "derived from or acquired through the commission of an act that could have been prosecuted as a felony criminal offense," or (2) the goods were "used or intended to be used in any manner to commit or facilitate the commission of drug trafficking."

{¶ 6} The State appealed the trial court's denial of its motion for default judgment. *See State v. Jimenez*, 2023-Ohio-4317 (8th Dist.) ("*Jimenez I*"). Jimenez was allegedly informed of the pending lawsuit during the appeal process and was represented by counsel in *Jimenez I*.

---

complied with or constituted service by publication under Civ.R. 4.4. Instead, service was attempted by the State by certified mail and ordinary mail pursuant to Civ.R. 4.1 and 4.6 as evidenced by the docket and the March 21, 2023 judgment entry that states service was perfected on September 27, 2022, the date the State requested service of the complaint by ordinary mail.

**{¶ 7}** On appeal, this court found the State alleged a valid claim of civil forfeiture pursuant to R.C. 2981.05(D)(1). This court also noted that the State presented an affidavit establishing the damages sought by the State, the State's compliance with service requirements, and Jimenez's military status. This court found that because Jimenez failed to contest the factual allegations raised in the complaint — by failing to file an answer — he admitted to the facts raised in the complaint and the State was entitled, under R.C. 2981.05, to forfeiture of the seized goods. Accordingly, this court found the trial court abused its discretion in denying the State's motion for default judgment, reversed the trial court's order, and remanded the case for the entry of forfeiture in favor of the State in the amount set forth in the complaint.

**{¶ 8}** On January 31, 2024, the trial court entered default judgment in favor of the State and ordered the forfeiture of the seized cash and two iPhones.

**{¶ 9}** On February 16, 2024, Jimenez filed a motion to vacate the default judgment pursuant to Civ.R. 60(B) and a motion to stay execution of the judgment. In regard to the motion to vacate, Jimenez argued that the trial court lacked personal jurisdiction over him because he was never served with the civil forfeiture complaint. Specifically, Jimenez argued that the complaint was mailed to the West 32nd Street address but he never resided at that location, received mail there, nor received a copy of the complaint through the attempted service of process. Jimenez stated that he lived at the same street number to which the complaint was mailed, but on West 52nd Street ("West 52nd Street address") not West 32nd Street. Jimenez attached

an affidavit to the motion attesting to these facts. Jimenez also argued that the State was on notice of his correct address because the Cuyahoga County prosecutor previously initiated unrelated legal proceedings against him at the West 52nd Street address and the State of Ohio and the Cuyahoga County voter registration records indicate he lived at the West 52nd Street address. Jimenez also detailed how the presented facts comported with the requirements of Civ.R. 60(B). Jimenez asserted that a default judgment entered by a trial court without personal jurisdiction over the defendant is void and must be vacated.

{¶ 10} The State filed a brief in opposition arguing a 60(B) motion cannot be used as a substitute for an appeal and the doctrine of res judicata applies in such a scenario. The State argued that Jimenez needed to raise the issue of lack of service in an appeal from either the *Jimenez I* decision or the trial court's January 31, 2024 judgment entry granting the State, on remand, default judgment. The State did not attempt to refute Jimenez's allegations and introduce evidence demonstrating Jimenez resided at the West 32nd Street address where the complaint was served.

{¶ 11} The trial court conducted a hearing on Jimenez's 60(B) motion on June 16, 2024, at which the parties reiterated the arguments presented in their briefs. Additionally, the State erroneously stated it served Jimenez by both certified mail followed by ordinary mail and by publication. The State further contended that the trial court determined in its March 21, 2023 judgment entry that service was perfected on Jimenez, the *Jimenez I* opinion referenced that finding, and

accordingly, the issue of service was resolved under the law-of-the-case doctrine. On June 18, 2024, the trial court summarily denied Jimenez's motion to vacate.

{¶ 12} On June 20, 2024, Jimenez filed a timely notice of appeal presenting a single assignment of error:

> The court below abused its discretion when it denied Jimenez's motion to vacate the default judgment.

**Legal Analysis**

{¶ 13} In his sole assignment of error, Jimenez challenges the trial court's denial of his motion to vacate the default judgment arguing that he satisfied the Civ.R. 60(B) requirements and established that the State did not properly serve him with the forfeiture complaint. The State does not address the merits of Jimenez's arguments but contends the issue of service is barred either under the law-of-the-case doctrine or res judicata.

{¶ 14} A trial court may order a default judgment against a defendant who has failed to answer or otherwise defend himself against allegations presented in a complaint. *King v. Water's Edge Condo. Unit Owners' Assoc.*, 2021-Ohio-1717, ¶ 18 (8th Dist.), citing *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assoc.*, 28 Ohio St. 3d 118 (1986); Civ.R. 55(A). Default judgment is warranted when a defendant fails to answer because liability has been admitted "by the omission of statements in a pleading refuting the plaintiff's claims." *Girard v. Leatherworks Partnership*, 2005-Ohio-4779, ¶ 38 (11th Dist.).

{¶ 15} However, a judgment rendered without personal jurisdiction over a defendant is void. *Patton v. Diemer*, 35 Ohio St. 3d 68 (1988), paragraph three of the syllabus. "A trial court lacks personal jurisdiction over a defendant if effective service of process has not been made on the defendant and the defendant has not voluntarily appeared in the case or waived service." *Reliable Auto Fin., Inc. v. Kelly*, 2021-Ohio-2851, ¶ 12 (10th Dist.), citing *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182 (1990), paragraph one of the syllabus.[2] A void default judgment should be vacated. *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 2018-Ohio-1298, ¶ 15 (8th Dist.), citing *Ballard*.

{¶ 16} A trial court's authority to "'vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts.'" *Brookville Ents. v. Clarence J. Kessler Estate HCF Mgmt.*, 2022-Ohio-1420, ¶ 19 (2d Dist.), quoting *Patton* at paragraph four of the syllabus. The proper procedure to seek to vacate a trial court's grant of default judgment is a common law motion to vacate rather than a Civ.R. 60(B) motion. *Brookville Ents.* at ¶ 20. Thus, a party asserting lack of personal jurisdiction because of improper service of process need not satisfy the Civ.R. 60(B) requirements but must establish lack of proper service. *GGNSC Lima, L.L.C.* at ¶ 15, citing *Patton* at paragraph four of the syllabus and *Khatib v. Peters*, 2017-Ohio-95, ¶ 30 (8th Dist.).

---

[2] The State has not argued that Jimenez voluntarily appeared in the case or waived service, nor do we find either event occurred. During *Jimenez I*, Jimenez stated that the State did not properly serve him with the complaint and he would address that issue if the case was remanded.

{¶ 17} We review a trial court's judgment regarding the validity of service for an abuse of discretion. *Brookville Ents.* at ¶ 20. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983); *Johnson.*

{¶ 18} Based upon the foregoing, we need not consider Jimenez's arguments related to Civ.R. 60(B) but whether the State properly served Jimenez with the forfeiture complaint so that the trial court obtained personal jurisdiction over him.

{¶ 19} Pursuant to Civ.R. 4(A), upon the filing of a complaint the clerk shall issue a summons for service upon each defendant. The complaint shall be served by either certified or express mail, unless otherwise permitted in the civil rules, as evidenced by a "return receipt signed by any person." Civ.R. 4.1(A)(1)(a). Certified mail must be sent to an address "reasonably calculated to cause service to reach the defendant." *Ohio Civ. Rights Comm. v. First Am. Properties*, 113 Ohio App.3d 233, 237 (2d Dist. 1996). If service of process is attempted by certified mail and refused, the complaint may be resent by the clerk by ordinary mail and "[s]ervice shall be deemed complete when the fact of mailing is entered of record" by the clerk. Civ.R. 4.6(C). Similarly, if service of process is attempted by certified mail and unclaimed, the complaint may be resent by the clerk by ordinary mail and "[s]ervice shall be deemed complete when the fact of mailing is entered of record, provided that the

ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civ.R. 4.6(D).

{¶ 20} "The plaintiff bears the burden of obtaining proper service on a defendant." *FIA Card Servs. NA v. Adler*, 2022-Ohio-4631, ¶ 16 (8th Dist.), citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63 (1st Dist. 1997). When a plaintiff follows the civil rules governing service of process, courts presume proper service unless the defendant rebuts the presumption with sufficient evidence of nonservice. *Hook v. Collins*, 2017-Ohio-976, ¶ 14 (8th Dist.), citing *Carter-Jones Lumber Co. v. Meyers*, 2006-Ohio-5380, ¶ 11 (2d Dist.). This court has previously held:

> [T]he rebuttable presumption of proper service may be rebutted by evidence that the defendant did not reside, nor received mail, at the address to which such ordinary mail service was addressed. *Schumacher* at ¶ 49, citing *Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. Franklin No. 03AP-951, 2004-Ohio-2816, ¶ 10. "Where the defendant files a motion to vacate judgment, and swears under oath that he or she did not reside at the address to which process was sent, the presumption is rebutted, and it is incumbent upon the plaintiff to produce evidence demonstrating that defendant resided at the address in question."

*Hook* at ¶ 15, quoting *Watts v. Brown,* 1983 Ohio App. LEXIS 15311, *14-15 (8th Dist. Aug. 4, 1983). "'Where the defendant's sworn statement that he or she never received the complaint is uncontested by the plaintiff, it is reversible error for the trial court to disregard it.'" *Kassouf v. Barylak*, 2023-Ohio-314, ¶ 24 (8th Dist.), quoting *Capital One Bank (USA) NA v. Smith*, 2020-Ohio-1614, ¶ 18 (8th Dist.), citing *Lakhodar v. Madani*, 2008-Ohio-6502, ¶ 14 (8th Dist.).

{¶ 21} Here, the State served the complaint on Jimenez — at the West 32nd Street address — in accordance with Civ.R. 4.1 and 4.6. Because the State followed the civil rules when serving the complaint, a rebuttable presumption of proper service arose. To rebut that presumption, Jimenez provided a sworn affidavit attesting that he resided at the West 52nd Street address for 27 years; he never resided at the West 32nd Street address nor received mail at that address; he was never served with the forfeiture complaint prior to the default hearing; and he was first notified of the forfeiture proceeding in the summer of 2023. Jimenez's sworn statement provided competent, credible evidence demonstrating that he was never served with the complaint and, therefore, he rebutted the presumption of service. The State never introduced evidence to counter Jimenez's claim that he was not properly served.

{¶ 22} In light of these facts and circumstances, it is apparent that the State never perfected service of the forfeiture complaint on Jimenez prior to the trial court's grant of default judgment in favor of the State. Absent service of process, the trial court lacked jurisdiction to render judgment against Jimenez and, thus, the default judgment is void. Further, we find the State's arguments that the law-of-the-case doctrine or res judicata apply to the facts of this case misguided and would preclude Jimenez from ever having an opportunity to dispute service of the forfeiture complaint and to introduce evidence disproving the rebuttable presumption of service. Moreover, the State's res judicata and law-of-the-case arguments relate to the trial court's issuance of the default judgment, not the

judgment we are reviewing in this appeal. The subject of this appeal is the trial court's denial of Jimenez's motion to vacate. Because the State failed to rebut Jimenez's competent and credible evidence that the complaint was sent by ordinary mail to the wrong address and that Jimenez never received it, the trial court abused its discretion when it denied Jimenez's motion to vacate the default judgment.

{¶ 23} As this court has stated previously,

> [o]ur decision comports with the basic tenet in Ohio law that "whenever possible cases should be decided on their merits." *Rafalski*, 17 Ohio App.3d at 67, 477 N.E.2d 1212, citing *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 7 Ohio B. 256, 454 N.E.2d 951 (1983). This is particularly true where large sums of money are at issue. *GGNSC Lima, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, at ¶ 24, citing *Draghin v. Issa*, 8th Dist. Cuyahoga No. 98890, 2013-Ohio-1898, ¶ 23 ("default judgments are not favored where large sums of money are at issue.").

*King,* 2021-Ohio-1717 at ¶ 39 (8th Dist.).

{¶ 24} For the foregoing reasons, Jimenez's assignment of error is sustained. The trial court's judgment denying Jimenez's motion to vacate the default judgment is reversed and, accordingly, the trial court must vacate the void default judgment entered in favor of the State and continue with proceedings consistent with this opinion.

{¶ 25} Judgment reversed and remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
WILLIAM A. KLATT, JUDGE*

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court
of Appeals.)