[Cite as *In re I.M.*, 2025-Ohio-2154.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE I.M. | : | |
| | | No. 114643 |
| A Minor Child | : | |
| | | |
| [Appeal by Mother, M.M.-S.] | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** June 18, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD23907225

### *Appearances:*

Wegman Hessler Valore and Matthew O. Williams, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, *for appellee*.

LISA B. FORBES, P.J.:

{¶ 1} Appellant-mother M.M.-S ("appellant") appeals a judgment of the Cuyahoga County Common Pleas Court, Juvenile Division, granting permanent custody of her minor child, I.M., to the Cuyahoga County Division of Children and Family Services ("CCDCFS"). She raises the following assignments of error:

1. The trial court's decision to terminate Appellant's parental rights and to award permanent custody of the child to CCDCFS was not supported by sufficient evidence.

2. The trial court's decision to terminate Appellant's parental rights to award permanent custody of the child to CCDCFS was against the manifest weight of the evidence.

3. The trial erred in adjudicating and disposing of CCDCFS's Motion to Modify Temporary Custody to Permanent Custody where it lacked jurisdiction to do so because said Motion was not properly served upon Appellant-Mother.

{¶ 2} CCDCFS concedes there is merit to appellant's third assignment of error. After a thorough review of the record and arguments, we agree that the trial court lacked jurisdiction to issue the order granting permanent custody due to failure of service on appellant. Accordingly, we sustain appellant's third assignment of error, which moots the remaining two assignments of error. We vacate the trial court's judgment and remand the case for further proceedings.

## I. Facts and Procedural History

{¶ 3} On March 25, 2023, the child, I.M., was removed from appellant's custody and placed in the emergency, predispositional temporary custody of CCDCFS pursuant to an ex parte telephonic order issued by a magistrate. This action was prompted by appellant's admission to a psychiatric hospital.

{¶ 4} On June 23, 2023, CCDCFS voluntarily dismissed and refiled its complaint for predispositional temporary custody due to the court's failure to conduct a hearing and issue a final disposition within the 90-day period required for doing so by R.C. 2151.35(B)(1).

**{¶ 5}** Following hearings held on September 12, 2023, the trial court adjudicated I.M. as dependent and determined that it was in the child's best interest to remain in the temporary custody of CCDCFS.

**{¶ 6}** On February 13, 2024, CCDCFS filed a motion to modify temporary custody to permanent custody. At a pretrial hearing on May 20, 2024, appellant's counsel confirmed that appellant had reviewed the motion but challenged the adequacy of service. Counsel asserted that the certified mail receipt evidencing delivery of the motion bore a signature that did not match appellant's and was not recognized by her. Upon comparing the signatures, the magistrate agreed they did not match and concluded that service had not been perfected.

**{¶ 7}** CCDCFS attempted service again via certified mail. At a hearing held on June 26, 2024, appellant's counsel again confirmed that appellant had reviewed the motion but reiterated the objection to service because the second certified mail receipt bore the same signature as the prior one, which again did not resemble appellant's signature. Counsel further noted that appellant was at work during the time of delivery and that no one else resided with her who could have signed for the document. Based on these facts, counsel suggested that the postal carrier may have signed the receipt.[1] In response, the magistrate asked about the appellant's work schedule. Appellant explained that she was at work when the certified mail was

---

[1] In her briefing, appellant highlights recent case law indicating that, during the COVID-19 pandemic, some postal carriers signed certified mail return receipts on behalf of recipients — a practice that has been found to constitute improper service of process. *See Cuc Properties VI, L.L.C. v. Smartlink Ventures, Inc.*, 2021-Ohio-3428, ¶ 15 (1st Dist.); *see also In re Adoption of M.J.A.*, 2022-Ohio-3275, ¶ 16-23 (12th Dist.).

delivered on June 16, 2024, at 7:40 a.m., and stated that both her manager and timecards could confirm her presence at work during that time.

{¶ 8} After confirming consistent signatures on both certified mail receipts and verifying delivery to appellant's correct address, the magistrate concluded that service was properly perfected. The case proceeded to trial on November 20, 2024. Thereafter, the trial court issued a journal entry terminating appellant's parental rights and committing I.M. to the permanent custody of CCDCFS.

## II. Law and Analysis

{¶ 9} A court must have personal jurisdiction over the defendant to enter a valid judgment against the defendant. *See Midland Funding, L.L.C. v. Cherrier*, 2020-Ohio-3280, ¶ 9 (8th Dist.). One way a court acquires personal jurisdiction over the defendant is through proper service of process. *See Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984).

{¶ 10} Civ.R. 4.1 outlines the methods for obtaining service of process within this State and includes service via certified mail. *See TCC Mgmt. v. Clapp*, 2005-Ohio-4357, ¶ 11 (10th Dist.). Pursuant to Civ.R. 4.1(A), service by certified mail must be "[e]videnced by return receipt signed by any person . . . ." Civ.R. 4.1(A)(1)(a).

{¶ 11} "The plaintiff bears the burden of obtaining proper service on a defendant." *FIA Card Servs. NA v. Adler*, 2022-Ohio-4631, ¶ 16 (8th Dist.), citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63 (1st Dist. 1997). "Where the plaintiff follows the civil rules governing service of process, courts presume that

service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice." *Id.*, citing *Hook v. Collins*, 2017-Ohio-976, ¶ 14 (8th Dist.).

{¶ 12} A trial court's determination on the validity of service is reviewed for an abuse of discretion. *Id.* at ¶ 17. An abuse of discretion arises when the court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 13} Upon review of the record, we agree with the appellant and CCDCFS — which has conceded the error — that the appellant successfully rebutted the presumption of proper service. Although the certified mail receipts reflect that the motion for permanent custody was delivered on two separate occasions to the appellant's address, the appellant maintained that she never received the motion. The magistrate found this assertion credible with respect to the first attempt at service, specifically noting that the signature on the certified mail receipt did not correspond to the appellant's known signature. Indeed, at the hearing on May 20, 2024, after comparing the signature on the return receipt with the appellant's state-issued identification, the magistrate observed, "I'm not an expert, but they don't look like they match at all, so I'll find that service hasn't been perfected."

{¶ 14} Notwithstanding this finding, at the June 26, 2024 hearing regarding the second attempt at service, the magistrate concluded that proper service had been effectuated — despite the certified mail return bearing the same signature as the first receipt and appellant's assertion that she was at work at the time of delivery. This

determination is inconsistent with the magistrate's prior credibility finding and raises concerns as to the sufficiency of service under the applicable rules.

{¶ 15} In light of these unique circumstances, we conclude that the magistrate abused her discretion by determining that service was properly perfected on the appellant.

## III. Conclusion

{¶ 16} For the foregoing reasons, we sustain appellant's third assignment of error. We hold that the trial court lacked jurisdiction to grant permanent custody to CCDCFS due to improper service of the motion on appellant. This determination renders all remaining assignments of error moot. Accordingly, we vacate the trial court's judgment and remand for further proceedings consistent with this opinion.

{¶ 17} Judgment vacated and cause remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR